ANDREWS & ZALEWSKI LLC
JOHN D. ZALEWSKI   4718
LISSA H. ANDREWS   3390
1001 Bishop Street, Suite 1540
Honolulu, Hawai'i 96813
Email: jdz@andrewszalewski.com
Email: lha@andrewszalewski.com
Phone: (808) 784-4660

PETTIT LAW HAWAII LLLC
TED N. PETTIT  4287
1003 Bishop Street, Suite 2700
Honolulu, Hawai'i 96813
Email: ted@pettitlawhawaii.com
Phone: (808) 237-2477

DARBY IP & LAW CORP.
GEORGE E. DARBY  4214
Post Office Box 893010
Mililani, Hawai'i 96789
Email: ged@darbyip.com
Phone: (808) 626-1300

Attorneys for Plaintiff
SKYDIVING SCHOOL, INC.,
dba SKY DIVE HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SKYDIVING SCHOOL, INC. dba SKYDIVE HAWAII, a Hawai'i corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SKY-MED, INC. dba PACIFIC SKYDIVING, a Hawai'i corporation, GOJUMP AMERICA, LLC, a Nevada | Civil No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, INJUNCTIVE RELIEF, AND MONETARY DAMAGES** |

limited liability company; GOJUMP
HAWAII LLC, a Hawaiʻi limited
liability company; MICHAEL
VETTER; and GUY BANAL,

         Defendants.

## COMPLAINT FOR TRADEMARK INFRINGEMENT, INJUNCTIVE RELIEF, AND MONETARY DAMAGES

COMES NOW, Plaintiff SKYDIVING SCHOOL, INC. dba SKYDIVE
HAWAII ("SKYDIVE HAWAII"), by and through its attorneys, ANDREWS &
ZALEWSKI LLC, PETTIT LAW HAWAII LLLC, and DARBY IP & LAW
CORP., and hereby files this COMPLAINT FOR TRADEMARK
INFRINGEMENT, INJUNCTIVE RELIEF, AND MONETARY DAMAGES, and
alleges and avers as follows:

### JURISDICTION AND VENUE

1.    This Court has original jurisdiction over this action under 15 USC §
1121 and 28 USC § 1338(a).  This action arises under the Lanham Act, 15 USC §§
1051, et seq., including but not limited to 15 USC § 1116 (Injunctive Relief), 15
USC § 1117 (Recovery for Violation of Rights), and 15 USC § 1125(a) (Civil
Action), which pertain to SKYDIVE HAWAII's trademark infringement claim
herein.

2.      This Court has original jurisdiction under 28 USC § 1338(b) because the SKYDIVE HAWAII's unfair competition claim herein is being brought together with its substantial and related claim under federal trademark law.

3.      This Court has supplemental jurisdiction under 28 USC § 1367 because SKYDIVE HAWAII's state law claim herein is so related to its federal trademark claim for which there is original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is vested in the United States District Court for the District of Hawaiʻi under 28 USC §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## THE PARTIES

5.      SKYDIVE HAWAII is a locally owned and managed skydiving company organized as a Hawaiʻi business corporation which is engaged in the business of skydiving instruction, skydiving services, air transportation for skydiving purposes, and related training and sales of merchandise.  SKYDIVE HAWAII is based at Dillingham Airfield (a.k.a., Kawaihapai Airfield), located at 68-760 Farrington Highway, Waialua, Hawaii.

6.      Defendant SKY-MED, INC. dba PACIFIC SKYDIVING  ("PACIFIC SKYDIVING" or "PS") is a Hawaiʻi corporation that is in direct competition with

SKYDIVE HAWAII, and is engaged in the same business at the same location as SKYDIVE HAWAII at Dillingham Airfield.

7.    Defendant GOJUMP AMERICA, LLC ("GOJUMP AMERICA") is a Nevada limited liability company and is engaged in the same business as SKYDIVE HAWAII.

8.    Defendant GOJUMP HAWAII LLC ("GOJUMP HAWAII") GOJUMP HAWAII is a Hawaiʻi limited liability company, is engaged in the same business and at the same location as SKYDIVE HAWAII at Dillingham Airfield, and uses the same facilities of PACIFIC SKYDIVING.  GOJUMP HAWAII has been in direct competition with SKYDIVE HAWAII since GOJUMP HAWAII was organized in September 2022.

9.    Upon information and belief, GOJUMP HAWAII is owned, controlled, and/or commonly managed by GOJUMP AMERICA (collectively, "GOJUMP").

10.    Defendant MICHAEL VETTER ("VETTER") is the Manager of GOJUMP HAWAII and GOJUMP AMERICA.  Upon information and belief, VETTER is a resident of Nevada.

11.    Defendant GUY BANAL ("BANAL") is the President of PACIFIC SKYDIVING and has been its President since its formation.  BANAL is a resident of Hawaiʻi.

12.    GOJUMP HAWAII and GOJUMP AMERICA are collectively referred to herein as "GOJUMP."  GOJUMP and PACIFIC SKYDIVING are collectively referred to herein as "GOJUMP/PS."  GOJUMP/PS is a *de facto* partnership of GOJUMP and PACIFIC SKYDIVING that shares facilities and operations at Dillingham Airfield.  GOJUMP, PACIFIC SKYDIVING, VETTER, and  BANAL are collectively referred to herein as "DEFENDANTS."

13.    The services of SKYDIVE HAWAII and GOJUMP/PS are identical, their location, primary business (tandem skydiving services), and marketing channels (websites and social media) are identical, and they use the same or similar marketing, operational methods, business model, staffing model, instructional procedures, and types of aircraft.

## SKYDIVE HAWAII'S REGISTERED TRADEMARKS

14.    From 2012 to present, SKYDIVE HAWAII has owned six trademarks registered for goods and services in the Principal Register of the United States Patent and Trademark Office ("PTO") (collectively, "SKYDIVE HAWAII TRADEMARKS").

15.    SKYDIVE HAWAII owns trademarks for the text phrase "SKYDIVE HAWAII," registered on July 31, 2012 (Classes 012 and 041) and August 21, 2012 (Class 035), which the PTO has recognized remain in force and became

incontestable on March 31, 2018 and April 14, 2018, and which were renewed for 10 years on December 14, 2021 and February 18, 2022.

16.     At no time has the PTO required SKYDIVE HAWAII to provide proof of a secondary meaning for its marks.

17.     At all relevant times, SKYDIVE HAWAII has actively and continuously used the SKYDIVE HAWAII TRADEMARKS, which remain in force currently, which has enabled SKYDIVE HAWAII to build its business and presence in the Hawaii skydiving market on a national and international basis..

18.     The SKYDIVE HAWAII TRADEMARKS are valid, protectable, and have acquired inherent distinctiveness, have attained incontestable status under 15 U.S.C. § 1065, and should be conclusively presumed to have acquired secondary meaning.

19.     In 2001, SKYDIVE HAWAII registered its skydivehawaii.com website, which SKYDIVE HAWAII has used exclusively and continuously at all times, including presently.

20.     GOJUMP AMERICA holds only one registered trademark, for a design mark that has the literal element, "GoJump."[1]

21.     Upon information and belief, DEFENDANTS hold no other registered marks.

---

[1] See https://tmsearch.uspto.gov/bin/showfield?f=doc&state=4804:x2txun.2.1.

## PACIFIC SKYDIVING'S PREVIOUS INFRINGMENT
## OF SKYDIVE HAWAII'S TRADEMARKS

22.    In 2004, PACIFIC SKYDIVING began using the websites

skydivehawaiireservations.com and skydivereservatonshawaii.com which marketed

"Skydiving in Hawaii" and led customers to believe that PACIFIC SKYDIVING was

SKYDIVE HAWAII.

23.    After SKYDIVE HAWAII issued demand letters, PACIFIC

SKYDIVING ceased its deceptive marketing for approximately 3 years beginning in

2006.

24.    In 2009, PACIFIC SKYDIVING resumed using the websites

skydivehawaiireservations.com and skydivereservatonshawaii.com and resumed

masquerading as SKYDIVE HAWAII.

25.    Following another SKYDIVE HAWAII demand letter, PACIFIC

SKYDIVING ceased its deceptive marketing for approximately two years beginning

in 2009.

26.    In 2011, PACIFIC SKYDIVING resumed marketing itself as SKYDIVE

HAWAII which led to litigation between the parties and others in this District.

## PREVIOUS TRADEMARK INFRINGEMENT
## ACTION IN THIS DISTRICT

27.    In 2013 and 2014, SKYDIVE HAWAII, PACIFIC SKYDIVING,

BANAL, and others who were then-affiliated with PACIFIC SKYDIVING were

parties in a trademark infringement action in this District entitled, <u>Sky-Med., Inc.</u> <u>dba Pacific Skydiving Hawaii vs. Skydiving School, Inc. dba Skydive Hawaii</u>, Civil No. CV-13-00193 DKW/BMK ("2013 ACTION").

28.    The 2013 ACTION was resolved in 2014 pursuant to a settlement agreement and a stipulation for dismissal filed by the parties.

## THE SETTLEMENT AGREEMENT
## THAT DEFENDANTS HAVE BREACHED

29.    On May 23, 2014, SKYDIVE HAWAII, PACIFIC SKYDIVING, BANAL, and others then-affiliated with PACIFIC SKYDIVING entered into a Settlement Agreement to resolve the 2013 ACTION ("SETTLEMENT AGREEMENT").

30.    PACIFIC SKYDIVING and BANAL owe contractual obligations to SKYDIVE HAWAII under the SETTLEMENT AGREEMENT which they have materially breached.

31.    By partnering with PACIFIC SKYDIVING, GOJUMP and VETTER owe contractual obligations to SKYDIVE HAWAII under the SETTLEMENT AGREEMENT which they have materially breached.

32.    SKYDIVE HAWAII is not presently able to publicly identify the terms of the SETTLEMENT AGREEMENT which DEFENDANTS have breached due to a confidentiality provision which limits disclosure thereof.

33.    The SETTLEMENT AGREEMENT provides, among other things, that this Court retains jurisdiction to enforce the SETTLEMENT AGREEMENT.

34.    Although GOJUMP and VETTER were not originally parties to the SETTLEMENT AGREEMENT, they owe contractual obligations to SKYDIVE HAWAII because of their *de facto* partnership with PACIFIC SKYDIVING and BANAL, and such obligations to SKYDIVE HAWAII will continue under successor liability principles in the event GOJUMP and VETTER survive cessation of PACIFIC SKYDIVING's and BANAL's involvement in the skydiving business at Dillingham Airfield.

35.    Upon information and belief, DEFENDANTS have been jointly operating an unregistered partnership or joint venture or common enterprise since 2022 under which GOJUMP: (i) has acquired all or a part of the assets and/or ownership of PACIFIC SKYDIVING; (ii) has expressly or impliedly assumed the liabilities of PACIFIC SKYDIVING; (iii) has closely coordinated activities to enable GOJUMP to expand and/or continue the business and operations of PACIFIC SKYDIVING; (iv) is the process of obtaining or has obtained permits for the same spaces at Dillingham Airfield held by PACIFIC SKYDIVING; (v) has used PACIFIC SKYDIVING staff, reservation system, and aircraft to serve skydiving customers; (vi) has agreed to assume PACIFIC SKYDIVING's obligation to perform facilities management at Dillingham Airfield; and (vii) is

operating at the same business location, 68-760 Farrington Highway, Waialua, HI 96791, as PACIFIC SKYDIVING.

## GOJUMP'S EXPANSION TO THE HAWAII MARKET AND ONGOING ACTIONABLE CONDUCT

36.     On September 19, 2022, GOJUMP HAWAII registered and filed Articles of Organization for Limited Liability Company with the Department of Commerce and Consumer Affairs of the State of Hawaii, which identified VETTER as its Manager.

37.     Starting in late 2022, visitors to the landing page of GOJUMP's website who clicked "Book Hawaii" were sent to a booking calendar at https://book.dzmanage.com/hawaii/, which instructed visitors to call (702) 900-4000 to book skydiving services in Hawai'i.  Visitors who called that number to book reservations or make inquiries were informed that they should call PACIFIC SKYDIVING or visit pacificskydivinghonolulu.com to make a reservation.

38.     Upon information and belief, on or about November 1, 2022, GOJUMP and PACIFIC SKYDIVING executed an asset purchase agreement ("Purchase Agreement").

39.     Upon information and belief, the Purchase Agreement requires: (i) PACIFIC SKYDIVING to terminate its revocable permits for the Permit Spaces at Dillingham Airfield ("Permits") as of the closing date to allow GOJUMP to obtain the Permits for the same Permitted Spaces as of the same closing date; and (ii) to

allow GOJUMP to continue the operations of PACIFIC SKYDIVING under its
own name and the name of PACIFIC SKYDIVING using the same Permitted
Spaces.

40.     On or about November 1, 2022, VETTER emailed the State of Hawaii
Department of Transportation Airports Division ("DOTA") to request use by
GOJUMP HAWAII of Dillingham Airfield to conduct commercial skydiving
operations.

41.     DOTA records indicate that GOJUMP has acquired PACIFIC
SKYDIVING and its assets, facilities, equipment, office, and parking lot, and
reveal coordination between GOJUMP and PACIFIC SKYDIVING to obtain
permits from DOTA for the same spaces at Dillingham Airfield being used by
PACIFIC SKYDIVING.

42.     On November 7, 2022, VETTER submitted to DOTA "Space
Applications" and other materials to request use by GOJUMP HAWAII of tie-
downs for specified aircraft at Dillingham Airfield for "Skydive" purposes.

43.     On November 15, 2022, Ben Devine of PACIFIC SKYDIVING
emailed the DOTA regarding "Pacific Skydiving and GoJump Hawaii Permitting,"
represented that BANAL is "seeking to retire and has found a capable operator to
continue the business," identified VETTER of GOJUMP AMERICA as the "new
operator," stated that they are "seeking to complete the permit process for the same

spaces that Pacific Skydiving currently occupies" and that "Pacific would

coordinate to have their permits end on the day GoJump's begin," and sought a

meeting between DOTA, BANAL, and VETTER "to review the permit

application."

44.    In a letter to DOTA dated December 13, 2022, VETTER on behalf of

GOJUMP stated that GOJUMP HAWAII is "submitting this letter simultaneously

with its revocable permit applications for certain T-Hangers, Tie Downs, Parking,

and Spaces at Kawaihapai Airfield" ("Permit Spaces"), that GOJUMP HAWAII

and PACIFIC SKYDIVING, "the current holder of revocable permits for the

Permit Spaces," had "executed an asset purchase agreement dated November 1,

2022," with PACIFIC SKYDIVING "intending to terminate its revocable permits

for the Permit Spaces as of closing and GoJump intending to apply for and obtain

revocable permits for the Permit Spaces as of closing in order to operate its

skydiving business thereafter."

45.    GOJUMP's December 13, 2022 letter to DOTA acknowledged that

they understood that "there cannot be a transfer of any revocable permits currently

held by [PACIFIC SKYDIVING] for the Permit Spaces" and that "all revocable

permits ('RP') are issued by the state at its prerogative."

46.    Despite having so acknowledged the prohibition on the transfer of

existing permits, GOJUMP's December 13, 2022 letter to DOTA sought to

circumvent the prohibition, in which they stated, "GoJump simultaneously submits

its RP applications with the [DOTA], seeking to obtain revocable permits for the

Permit Spaces in connection with the termination of such permits currently held by

[PACIFIC SKYDIVING]."

47.     GOJUMP has represented to the DOTA that they will assume

PACIFIC SKYDIVING'S responsibility to update the onsite septic system.

48.     On December 15, 2022, VETTER emailed DOTA in which he

referred to an attached "permit application with Excel showing the permits

considering and a letter to confirm that we will take over all responsibilities from

[PACIFIC SKYDIVING] at [the] day of our new permits becoming active while

[PACIFIC SKYDIVING's] permits will be terminated."  In essence, VETTER and

GOJUMP sought to be the overnight successor of PACIFIC SKYDIVING's

permits, operations, rights, and obligations.

49.     PACIFIC SKYDIVING's operations are ongoing and its current

website enables consumers to book skydiving reservations that use GOJUMP's

aircraft.

**DEFENDANTS' RECENT AND ONGOING
INFRINGEMENT OF SKYDIVE HAWAII'S TRADEMARKS**

50.     SKYDIVE HAWAII brings the present action in part to enforce the

SETTLEMENT AGREEMENT to address Defendants' post-settlement unlawful

infringement of the SKYDIVE HAWAII TRADEMARKS, and for the additional reasons stated herein.

51.    In late 2022 and continuing presently, VETTER and  GOJUMP have promoted "*Skydiving in Hawaii*" on GOJUMP's website, https://gojump-america.com/hawaii/.

52.    The landing page for GOJUMP's website features the GOJUMP HAWAII mark and the phrase in prominent text, "Oceanview Skydiving in Hawaii," is the largest text on the page.

53.    The landing page for PACIFIC SKYDIVING's website includes the phrase, "SKYDIVING OVER HAWAII."

54.    Concurrent with the appearance of "*Skydiving in Hawaii*" content on GOJUMP's website, GOJUMP/PS began to jointly market skydiving services at Dillingham Airfield.

55.    DEFENDANTS' joint promotion, marketing, and delivery of skydiving services has infringed on the SKYDIVE HAWAII TRADEMARKS and led to actual consumer confusion which has damaged SKYDIVE HAWAII.

56.    DEFENDANTS' infringement of SKYDIVE HAWAII TRADEMARKS is recent, ongoing, and intentional.

57.    GOJUMP/PS have been using the SKYDIVE HAWAII TRADEMARKS in association with the unregistered "GoJump Hawaii" mark and

"Skydiving in Hawaii" mark, both verbatim and through similar variants, emphasized through font size, color, and boldness, use of capital letters, repetitive text, isolation from other text, and/or word proximity, i.e., "Oceanview Skydiving in Hawaii," "SKYDIVING OVER HAWAII," "Skydive Hawaii with GoJump," "Skydive over Hawaii - GoJump," "GoJump Hawaii Skydive – Hawaii Skydive," "Skydiving in Hawaii," "Hawaii Skydiving," and "Pacific Skydiving Center Hawaii."

58.    A Google search in December 2022 using the words "go jump" led to a GOJUMP ad featuring SKYDIVE HAWAII TRADEMARKS, in large blue font, "Skydive Hawaii with GoJump."  GOJUMP created and published the search results, using the "Skydive Hawaii" mark as their own.

59.    A Google search in June 2023 using the words "skydive over hawaii" led to a "**Sponsored**" listing purchased by GOJUMP featuring in large blue font, "GoJump Hawaii Skydive – Hawaii Skydive."

60.    A search in June 2023 using the words "skydive hawaii" on the Trip Advisor website led to a GOJUMP ad featuring in large font, "Skydiving in Hawaii."

61.    A Google search in July 2023 using the words "groupon skydive hawaii" led to an ad featuring in large blue font, "Hawaii Skydiving – Deals & Coupons in Hawaii."  Upon clicking that link, a listing appears in emboldened

font, "**Skydiving in Hawaii**" with a "View Deal" button.  Upon clicking the

button, a GOJUMP ad appears in emboldened font, "**Oceanview Skydiving with**

**GoJump Hawaii**."

62.    The Google Maps App page for Skydive Hawaii includes a

"**Sponsored**" link to GOJUMP HAWAII.  The link leads to the GOJUMP

HAWAII landing page, thereby misleading customers to believe that GOJUMP

and SKYDIVE HAWAII are affiliated.

<div align="center">

**RECENT, NUMEROUS, AND ONGOING**
**CONFUSION CAUSED BY DEFENDANTS**

</div>

63.    Prior to November 28, 2022, SKYDIVE HAWAII learned that

VETTER and GOJUMP were engaging in improper and infringing use of

SKYDIVE HAWAII's trademark and trade name "Skydive Hawaii" in internet

advertising by VETTER and GOJUMP HAWAII.

64.    On November 28, 2022, SKYDIVE HAWAII made written demand

on VETTER and GOJUMP concerning their "improper and infringing use of the

trademark and trade name 'Skydive Hawaii'" in advertising, informed them of the

SKYDIVE HAWAII TRADEMARKS and SKYDIVE HAWAII's Hawaii-

registered trade name and exclusive rights to the "Skydive Hawaii" mark,

identified and supplied evidence of GOJUMP HAWAII's improper use of the

"Skydive Hawaii" trade name and trademark in VETTER'S and the GOJUMP

ENTITIES' internet advertising, and DEMANDED that GOJUMP HAWAII "(1)

cease and desist any further use of the Skydive Hawaii mark; (2) provide any accounting of all profits made from the sale of all services or products using the Skydive Hawaii mark; and (3) surrender all profits" to SKYDIVE HAWAII no later than December 16, 2022.

65.    On December 12, 2022, VETTER and GOJUMP conceded in writing that they were using the phrases "*Skydive Hawaii with GoJump*" and "*Skydiving in Hawaii with GoJump*" in marketing their skydiving operations at Dillingham Airfield, but denied that their conduct infringed on the SKYDIVE HAWAII TRADEMARKS.

66.    Despite SKYDIVE HAWAII's demand, VETTER and GOJUMP have failed, neglected, and refused to cease and desist in their improper and infringing use of the SKYDIVE HAWAII TRADEMARKS and SKYDIVE HAWAII's exclusive rights to the "Skydive Hawaii" mark.

67.    Despite SKYDIVE HAWAII's demand, VETTER and GOJUMP have failed, neglected, and refused to provide an accounting of profits realized from their improper and infringing use of the SKYDIVE HAWAII TRADEMARKS and SKYDIVE HAWAII's exclusive rights to the "Skydive Hawaii" mark, or surrender all such profits to SKYDIVE HAWAII.

68.    Online searches and social media sites are the most important means used by the customers to identify and make reservations with skydiving businesses, including SKYDIVE HAWAII.

69.    Through use of the same online marketing channels (internet searches and social media websites) used by SKYDIVE HAWAII, GOJUMP/PS has continued to infringe on SKYDIVE HAWAII's trademarks, cause customer confusion, and impair and harm SKYDIVE HAWAII's business.

70.    On numerous occasions, customers of GOJUMP/PS have posted about skydiving in Hawaii on SKYDIVE HAWAII's Instagram, Facebook, and Yelp pages, and on YouTube.  SKYDIVE HAWAII's business records reveal these customers were customers of GOJUMP/PS.

71.    From late 2022 to present, numerous incidents of confusion have arisen, often multiple times each day, such as customers of GOJUMP/PS presenting their reservations for check-in at SKYDIVE HAWAII's offices.

72.    Confusion caused by GOJUMP/PS has caused its customers to use Skydive Hawaii's space and facilities.  GOJUMP/PS's mistaken customers interfere with and harm SKYDIVE HAWAII's operations, reputation, and brand, and undermine safety.

73.    Often, entire groups of customers of GOJUMP/PS arrive at SKYDIVE HAWAII and attempt to check-in, which requires customers to sign

liability waivers that are cross-checked against a reservations list.  SKYDIVE

HAWAII staff have to redirect the groups to GOJUMP/PS.

74.    Over the past several months to present, up to 25 cars per day

mistakenly park in SKYDIVE HAWAII's lot.  Often, the occupants exit their

vehicles and then either realize their mistake and turn away or are redirected after

attempting to check-in at SKYDIVE HAWAII.

75.    On December 16, 2022 a person who had skydived at Dillingham

Airfield posted about his experience on SKYDIVE HAWAII's Facebook page and

recommended SKYDIVE HAWAII, although there is no record of this person

having ever been a customer of SKYDIVE HAWAII.

76.     A Google search in June 2023 using the words "skydive hawaii" led

to a "**Sponsored**" listing purchased by GOJUMP featuring in large blue font,

"Skydive over Hawaii - GoJump."

77.    On January 11, 2023, Ben Devine of PACIFIC SKYDIVING stated to

the DOTA that BANAL of PACIFIC SKYDIVING "hopes to keep T-hanger 401-

105 and parking permit 404-105 until he sells his aircraft N989BW.  If you could

put GoJump as 1st on the waitlist for those spaces so that once [BANAL] sells his

aircraft and vacates, GoJump can take them over.  Mr. Banal intends to vacate all

his other RPs and PPs once GoJumps [*sic*] paperwork is processed."

78.    On January 21, 2023, VETTER submitted Space Applications to DOTA for the use of tie-downs and hangers at Dillingham Airfield to conduct a "Commercial Skydiving Operation."

79.    On February 1, 2023, Ben Devine of PACIFIC SKYDIVING emailed to the DOTA regarding "Kawaihapai GoJump Permit Application" which included links to "the GoJump Permit Application Packet."

80.    On February 8, 2023, DOTA emailed BANAL and Ben Devine of PACIFIC SKYDIVING requesting that BANAL provide a termination letter or email which states exactly which revocable permits would be terminated, and which further stated, "As soon as I receive written notice, I hope to move forward with assisting GoJump Hawaii LLC and their application process."

81.    On February 8-9, 2023, Ben Devine and BANAL informed DOTA of the permits that BANAL "wants to maintain for a short while longer, and what permit [BANAL] wants to terminate."

82.    On March 6, 2023, SKYDIVE HAWAII submitted a Statement of Claimant and Submission to Mediation to Dispute Prevention & Resolution, Inc. ("DPR") alleging infringement of the SKYDIVE HAWAII TRADEMARKS by DEFENDANTS.

83.    Mediation between SKYDIVE HAWAII and DEFENDANTS did not proceed, and DPR closed its file.

84.    On April 17, 2023, a customer of PACIFIC SKYDIVING posted on SKYDIVE HAWAII's Instagram page, "Who needs dopamine when you got adrenaline?? skydiver emoji #skydiving #hawaii," and included a photo of herself standing by an aircraft with PACIFIC SKYDIVING's livery and tail number.  In response to the post, an unknown third party asked, "Which company did you go with," to which she replied, "went with @skydivehawaii."  The foregoing person was actually a customer of PACIFIC SKYDIVING.

85.    On April 28, 2023, a customer texted to complain about SKYDIVE HAWAII being "extremely unprofessional" and untrustworthy. After further texts, it became apparent that this customer confused GOJUMP for SKYDIVE HAWAII.

86.    On May 10, 2023, a customer arrived at SKYDIVE HAWAII's office to check-in.  SKYDIVE HAWAII's staff could not locate his reservation. Upon request, the customer displayed a reservation made with GOJUMP.

87.    Businesses have also been confused.  On May 1, 2023, a technician arrived at and asked to access SKYDIVE HAWAII's server room, and stated he was there for "GoJump Hawaii."  SKYDIVE HAWAII staff directed him to GOJUMP's office next door.  Later he returned and tried again to gain access to SKYDIVE HAWAII's server room.  He was again told to leave.

88.    On May 19, 2023, an insurance representative confused SKYDIVE HAWAII for GOJUMP HAWAII while attempting to transfer insurance on a fuel

truck from PACIFIC SKYDIVING to GOJUMP.

## SURVEY EVIDENCE OF LIKELIHOOD OF CONFUSION

90.    Cynthia R. Cohen, Ph.D. is a highly educated, experienced and reputable survey expert who has designed and conducted an online likelihood of confusion survey to determine whether the use of the GOJUMP HAWAII unregistered mark, and the featured phrase "Skydiving in Hawaii," on GOJUMP HAWAII's landing page is likely to cause consumers to mistakenly believe that GOJUMP HAWAII is the same company as SKYDIVE HAWAII, or that GOJUMP HAWAII's services come from the same source as SKYDIVE HAWAII or are affiliated, associated with, connected to or sponsored by SKYDIVE HAWAII.

91.    Dr. Cohen's study compared SKYDIVE HAWAII's senior registered mark with GOJUMP HAWAII's junior unregistered mark displayed on their website landing pages, as follows:





92.     Dr. Cohen found that the GOJUMP HAWAII mark, and the phrase

"Skydiving in Hawaii" featured as the central text, on the GOJUMP HAWAII

landing page, causes consumer confusion for SKYDIVE HAWAII, and that there

is a **net likelihood of confusion of 15.6%** that consumers confuse GOJUMP

HAWAII as services coming from SKYDIVE HAWAII, or GOJUMP HAWAII

being affiliated, associated, connected or sponsored by SKYDIVE HAWAII.

93.    Dr. Cohen's report is admissible and reliable, her finding of 15.6% net consumer confusion accords with FRCP Rule 702 and federal case law, is highly probative and sufficient to demonstrate consumer confusion, and supports the issuance of injunctive relief in favor of SKYDIVE HAWAII against DEFENDANTS.

<div align="center">

**ONGOING HARM AND DAMAGE
SUSTAINED BY SKYDIVE HAWAII**

</div>

94.    GOJUMP/PS's ongoing infringement on SKYDIVE HAWAII's trademarks has caused substantial business difficulties for SKYDIVE HAWAII and diminished its sales revenue and numbers of tandem skydivers and tandem jumps, its primary source of revenue.

95.    SKYDIVE HAWAII has lost prospective customers and its relationship with its employees has grown increasingly precarious.  GOJUMP's use of the SKYDIVE HAWAII TRADEMARKS has diminished SKYDIVE HAWAII's control over its reputation, and has caused a loss of business and goodwill.

96.    As a direct and proximate result of DEFENDANTS' wrongful conduct, SKYDIVE HAWAII's sales have materially decreased, which correlates with and has been caused by DEFENDANTS' unlawful infringement of the SKYDIVE HAWAII TRADEMARKS.

97.     Upon information and belief, DEFENDANTS have engaged in additional actionable conduct yet-to-be ascertained, which is continuing presently.

## COUNT ONE
## TRADEMARK INFRINGEMENT
## AGAINST ALL DEFENDANTS

98.     SKYDIVE HAWAII realleges and incorporates by reference all allegations in this Complaint as if fully set forth herein.

99.     The SKYDIVE HAWAII TRADEMARKS have great and significant value, and are associated in the public mind with the services and products of quality and reputation finding their source in SKYDIVE HAWAII.

100.    Without SKYDIVE HAWAII's authorization or consent, and with knowledge of its well-known services, reputation, and fame in the skydiving community, and prior rights in the SKYDIVE HAWAII TRADEMARKS, DEFENDANTS have intentionally and knowingly infringed on the SKYDIVE HAWAII TRADEMARKS and intentionally and knowingly advertised, marketed, distributed, offered for sale and/or sold the infringing services to the consuming public in direct competition with SKYDIVE HAWAII's sale of its genuine services.

101.    DEFENDANTS' infringement of the SKYDIVE HAWAII TRADEMARKS is causing and is likely to continue to cause confusion, mistake, and deception among the public as to their origin, and is likely to deceive the public

into believing the infringing services sold by DEFENDANTS originate from, are associated with, or are otherwise authorized by SKYDIVE HAWAII, all to the damage and detriment of SKYDIVE HAWAII's reputation, goodwill, and sales.

102.   DEFENDANTS' infringement of the SKYDIVE HAWAII TRADEMARKS to advertise, manufacture, distribute, offer for sale and/or sell the infringing services to the consuming public was done with the willful intent to trade on SKYDIVE HAWAII's reputation and goodwill.

103.   DEFENDANTS' infringement of the SKYDIVE HAWAII TRADEMARKS constitutes a willful, knowing, intentional and deliberate breach of the SETTLEMENT AGREEMENT and violation of SKYDIVE HAWAII'S rights thereunder.

104.   DEFENDANTS' infringement of the SKYDIVE HAWAII TRADEMARKS has been and is deliberate and willful and has been and is being committed with the intent to cause confusion and mistake, and to deceive and defraud the public.

105.   GOJUMP's use of "*Skydiving in Hawaii*" or variations thereof infringes upon the SKYDIVE HAWAII TRADEMARKS in that GOJUMP is using in commerce in connection with its services or goods words, terms, names, symbols, devices, or false designations of origin which have caused and are likely to continue to cause confusion, mistakes, and deception, by expressing or implying an

affiliation, connection, or association between GOJUMP and SKYDIVE HAWAII, or as to the origin, sponsorship, or approval of GOJUMP's services or goods by SKYDIVE HAWAII, all to the harm and detriment of SKYDIVE HAWAII.

106.    DEFENDANTS' infringement of the SKYDIVE HAWAII TRADEMARKS have caused and continue to cause irreparable injury to SKYDIVE HAWAII's trade, business, prestige, business reputation, and goodwill.  SKYDIVE HAWAII has no adequate remedy at law, and DEFENDANTS' wrongful acts will continue unless and until restrained and enjoined by this Court under 15 USC § 1116.

107.    Under the Trademark Modernization Act of 2020, as enacted at USC § 1116(a), a plaintiff seeking injunctive relief is "entitled to a rebuttable presumption of irreparable harm upon a finding of a violation," which includes "the violation of any right of the registrant of a mark registered in the Patent and Trademark Office," and unfair competition violations under 15 U.S.C. § 1125.

108.    An injunction against DEFENDANTS' wrongful acts and conduct is in the public interest.

109.    DEFENDANTS' infringement of the SKYDIVE HAWAII TRADEMARKS entitle SKYDIVE HAWAII to all remedies set forth in 15 USC §§ 1114, 1116, and 1117, including but not limited to injunctive relief, disgorgement

and recovery of DEFENDANTS' profits, monetary damages, treble damages, and attorneys' fees and costs.

## COUNT TWO
## UNFAIR COMPETITION
## AGAINST ALL DEFENDANTS

110.   SKYDIVE HAWAII realleges and incorporates by reference all allegations in this Complaint as if fully set forth herein.

111.   DEFENDANTS' conduct in connection with their services and skydiving business has used words, terms, names, symbols, or devices, or in any combination thereof, have falsely and misleadingly designated their origin as that of SKYDIVE HAWAII, which is likely to cause confusion and has caused confusion, mistake, or to deception as to the affiliation, connection, or association between DEFENDANTS and SKYDIVE HAWAII, or as to the origin, sponsorship, or approval of their services and commercial activities by SKYDIVE HAWAII.

112.   DEFENDANTS, in commercial advertising or promotion, have misrepresented the nature, characteristics, qualities, or geographic origin of their goods, services, or commercial activities to be that of SKYDIVE HAWAII.

113.   DEFENDANTS are thereby liable to SKYDIVE HAWAII under 15 USC § 1125, and SKYDIVE HAWAII is entitled to all available remedies set forth in 15 USC §§ 1116, and 1117, including but not limited to injunctive relief,

disgorgement and recovery of DEFENDANTS' profits, monetary damages, treble damages, and attorneys' fees and costs.

## COUNT THREE
## BREACH OF SETTLEMENT AGREEMENT
## AGAINST ALL DEFENDANTS

114.   SKYDIVE HAWAII realleges and incorporates by reference all allegations in this Complaint as if fully set forth herein.

115.   SKYDIVE HAWAII has fully performed its obligations under the SETTLEMENT AGREEMENT.

116.   Defendants have materially breached the SETTLEMENT AGREEMENT.

117.   As a direct, proximate, and foreseeable result of DEFENDANTS' breaches of the SETTLEMENT AGREEMENT, SKYDIVE HAWAII is entitled to injunctive relief against DEFENDANTS, and an award of damages plus accrued statutory interest thereon under HRS § 478-2, and attorneys' fees and costs, in such amounts as shall be proven at trial.

## COUNT FOUR
## INTENTIONAL INTERFERENCE
## WITH CONTRACTUAL RELATIONS
## AGAINST GOJUMP ENTITIES AND VETTER

118.   SKYDIVE HAWAII realleges and incorporates by reference all allegations in this Complaint as if fully set forth herein.

119.   The SETTLEMENT AGREEMENT between SKYDIVE HAWAII, PACIFIC SKYDIVING, BANAL, and others then-affiliated with PACIFIC SKYDIVING contains enforceable provisions which favor of SKYDIVE HAWAII and protect the SKYDIVE HAWAII TRADEMARKS against infringement.

120.   Upon information and belief, GOJUMP and VETTER have knowledge of the SETTLEMENT AGREEMENT and its contents.

121.   Upon information and belief, GOJUMP and VETTER have intentionally induced PACIFIC SKYDIVING and BANAL to breach their contractual obligations owed to SKYDIVE HAWAII under the SETTLEMENT AGREEMENT, through GOJUMP's partnership with PACIFIC SKYDIVING, as the partner and/or successor to PACIFIC SKYDIVING, without justification.

122.   As a direct, proximate, and foreseeable result, PACIFIC SKYDIVING and BANAL have materially breached the SETTLEMENT AGREEMENT, which entitles SKYDIVE HAWAII to awards of compensatory damages and punitive damages against the GOJUMP ENTITIES and VETTER in such amounts as shall be proven at trial.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff SKYDIVING SCHOOL, INC. dba SKYDIVE HAWAII ("SKYDIVE HAWAII") prays that this Honorable Court:

1.    ENTER judgment in favor of SKYDIVE HAWAII and against

DEFENDANTS, jointly and severally, on all claims herein;

2.    GRANT injunctive relief in favor of SKYDIVE HAWAII which

enjoins DEFENDANTS from any and all further unlawful conduct,

and which requires Defendants to fully comply with EXHIBIT A to

the SETTLEMENT AGREEMENT;

3.    AWARD compensatory damages in favor SKYDIVE HAWAII and

against DEFENDANTS equal to DEFENDANTS' wrongful profits

and three times SKYDIVE HAWAII's actual damages in amounts to

be proven at trial, plus pre-judgment and post-judgment statutory

interest for violations of the Lanham Act;

4.    AWARD punitive damages in favor SKYDIVE HAWAII and against

GOJUMP and VETTER in amounts to be proven at trial;

5.    ORDER DEFENDANTS to pay SKYDIVE HAWAII its attorneys'

fees and costs; and

6.    ENTER such other and further relief as the Court deems just and

equitable.

DATED:     Honolulu, Hawaiʻi, <u>July 13, 2023</u>.

<div style="margin-left:50%">

<u>/s/ *John D. Zalewski*</u>
JOHN D. ZALEWSKI
LISSA H. ANDREWS
TED N. PETTIT
GEORGE E. DARBY
Attorneys for Plaintiff
SKYDIVING SCHOOL, INC.,
dba SKY DIVE HAWAII

</div>

{00094362:1}                                32