IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SKYDIVING SCHOOL, INC., <br><br><br> Plaintiff, <br><br> v. <br><br> GOJUMP AMERICA, LLC, GOJUMP HAWAII LLC, and MICHAEL VETTER, *et al.*, <br><br><br> Defendants. | Case No. 23-cv-00292-DKW-WRP <br><br> **ORDER (1) GRANTING IN PART DEFENDANTS GOJUMP AMERICA, GOJUMP HAWAII, AND MICHAEL VETTER'S MOTION TO DISMISS, (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND (3) DIRECTING SUPPLEMENTAL BRIEFING ON COUNTS III AND IV OF THE COMPLAINT** |

## INTRODUCTION

When individuals jump from an airplane in flight with a parachute strapped to their back, this is commonly referred to as "skydiving."   When individuals do so over the State of Hawaiʻi, understandably, those individuals say they have been "skydiving in Hawaiʻi."

This case involves Plaintiff Skydiving School, Inc.'s (SSI or Plaintiff) continued effort to protect its trademark in the phrase "Skydive Hawaii." According to SSI, Defendants,[1]  which are competing businesses and/or individuals

---

[1]Defendants are: Sky-Med, Inc. dba Pacific Skydiving (Sky-Med); Guy Banal (Banal, and, with Sky-Med, the Sky-Med Defendants); GoJump America, LLC (GJA); GoJump Hawaii LLC (GJH);

engaged in skydiving services on the North Shore of Oahu, Hawaiʻi, have "infringed" on this trademark by, *inter alia*, advertising their services as "skydiving in Hawaii", "skydiving over Hawaii", and "skydive Hawaii with GoJump." Plaintiff, therefore, now seeks, *inter alia*, a preliminary injunction enjoining Defendants from using in any capacity phrases, including, "Skydive Hawaii", "GoJump Hawaii", and "skydiving in Hawaii."   Unsurprisingly, Defendants, or at least the GoJump Defendants at this point in the litigation,[2] oppose Plaintiff's effort, arguing that "Skydive Hawaii" is not entitled to trademark protection because it is generic and that the GoJump Defendants' accused uses constitute "classic fair use."

Having reviewed the parties' briefing, the record, and relevant case law, the Court agrees that the GoJump Defendants' alleged uses of "Skydive Hawaii" constitute "classic fair use."   Notably, in choosing the phrase "Skydive Hawaii" as its trademark, Plaintiff elected to use the most common word to describe its service—"skydive"—along with the name of the State where those services take place—"Hawaii."   Plaintiff cannot, therefore, complain that a business rival also now desires to use those obvious words, *and* others, in describing its services. Plaintiff further seeks to monopolize the words "skydive" and "skydiving" when used in any brief sentence with "Hawaii", such as "skydiving in Hawaii", and even

and Michael Vetter (Vetter, and, with GJA and GJH, the GoJump Defendants, and, with the Sky-Med Defendants, collectively, Defendants).

[2] On October 25, 2023, a partial settlement was reached in this case, Dkt. No. 58, resulting in the end of hostilities between Plaintiff and the Sky-Med Defendants.   *See* Dkt. No. 59.   Plaintiff, however, did not reach an agreement with the GoJump Defendants.

prevent the GoJump Defendants from using their own company name in a sentence with "Hawaii" and/or "skydiving."   Because this is simply untenable, as more fully discussed herein, Plaintiff's claims premised upon federal trademark law (Counts I & II) must be DISMISSED.   Moreover, because amendment of the Complaint would not change this result, leave to amend those claims is not warranted.   This leaves Plaintiff's claims for breach of contract and intentional interference with contractual relations (Counts III &IV).   After review of the record, the Court directs further briefing on the same to the extent set forth below.   Therefore, the GoJump Defendants' motion to dismiss, Dkt. No. 42, is GRANTED IN PART, and Plaintiff's motion for preliminary injunction, Dkt. No. 17, is DENIED AS MOOT.

## BACKGROUND

### I.   The Complaint

The Complaint makes the following relevant allegations.   SSI, Sky-Med, and GJH are direct competitors engaged in the same business at the same location: skydiving instruction and related services at Dillingham Airfield on the North Shore of Oahu, Hawai'i.   Compl. at ¶¶ 5-6, 8, 13, Dkt. No. 1.

Since 2012, SSI has owned six trademarks, including for the phrase "Skydive Hawaii", registered for goods and services with the U.S. Patent & Trademark Office (PTO).   *Id*. at ¶¶ 14-15.   The "Skydive Hawaii" trademark became "incontestable" in 2018.   *Id*. at ¶ 15.   In 2001, SSI registered its website, skydivehawaii.com,

3

which it has used exclusively and continuously at all times.   *Id.* at ¶ 19.   GJA holds one registered trademark for the "design mark" "GoJump."   *Id*. at ¶ 20.

In 2004, Sky-Med began using the websites skydivehawaiireservations.com and skydivereservationshawaii.com, which marketed "Skydiving in Hawaii."   *Id*. at ¶ 22.   After demand letters from SSI to Sky-Med, this activity ceased and resumed again for various periods between 2006 and 2014.   *Id*. at ¶¶ 23-28.   In 2013, SSI, Sky-Med, and Banal, *inter alia*, were parties to a trademark infringement action in this Court ("the First Litigation").   *Id*. at ¶ 27.[3]   In said litigation, the Court denied SSI's motion for temporary restraining order, in which SSI sought an injunction preventing Sky-Med and Banal from allegedly infringing on SSI's "Skydive Hawaii" trademark.   *Sky-Med, Inc. v. Skydiving School, Inc.*, Case No. 13-CV-00193-DKW-BMK, Dkt. No. 37.   Among other things, in doing so, the Court found that, upon weighing the evidence at the preliminary stage of the litigation, there was an insufficient likelihood of confusion between "Skydive Hawaii" and "Pacific Skydiving Hawaii" to warrant emergency injunctive relief. *Id*. at 5-13.   Thereafter, in 2014, the First Litigation settled pursuant to a settlement agreement between the parties (Settlement Agreement).   Compl. at ¶ 28.   No terms of the Settlement Agreement, however, were put on the record by the Court, and the

---

[3]Given that the First Litigation is referenced in the Complaint, the Court elects to take judicial notice of the docket in said case, over which the undersigned presided.

Court did not otherwise approve or review the same.   *See Sky-Med, Inc. v. Skydiving School, Inc.*, Case No. 13-CV-00193-DKW-BMK, Dkt. Nos. 191-192.

The Complaint further alleges that Sky-Med and Banal "owe contractual obligations" under the Settlement Agreement that they have "materially breached." *Id*. at ¶ 30.   According to SSI, though, it is not able to "publicly identify" the breached terms because of a confidentiality provision in the Settlement Agreement. *Id*. at ¶ 32.   The Settlement Agreement also allegedly provides for this Court to retain jurisdiction over enforcement of the Settlement Agreement.   *Id*. at ¶ 33.

In addition, SSI contends that, although the GoJump Defendants were not parties to the Settlement Agreement, they owe contractual obligations thereunder due to a "*de facto* partnership" with Sky-Med and Banal.   *Id*. at ¶ 34.   In that regard, the Complaint alleges that, since 2022, the Sky-Med Defendants and the GoJump Defendants have been operating an "unregistered partnership or joint venture or common enterprise" in Hawai'i.   *Id*. at ¶ 35.   More specifically, on September 19, 2022, GJH registered and filed articles of organization with Hawai'i's Department of Commerce and Consumer Affairs, and, on or about November 1, 2022, the GoJump Defendants and Sky-Med executed an asset purchase agreement (Purchase Agreement).   *Id*. at ¶¶ 36, 38.   The Purchase Agreement requires Sky-Med to terminate its revocable permits for spaces at Dillingham Airfield to allow the GoJump Defendants to obtain permits for the same

spaces.  *Id*. at ¶ 39.   In November 2022, Vetter emailed Hawai'i's Department of Transportation Airports Division (DOTA) to request GJH's use of Dillingham Airfield to conduct commercial skydiving operations.  *Id*. at ¶ 40.   Near the same time, an employee of Sky-Med emailed DOTA, stating that Banal was "seeking to retire" and had found a "new operator" to continue his business, identifying Vetter. *Id*. at ¶ 43.   In December 2022, Vetter sent a letter to DOTA, submitting permit applications for certain spaces at Dillingham Airfield.  *Id*. at ¶ 44.   Vetter also emailed DOTA, stating that the GoJump Defendants would take over Sky-Med's responsibilities once their permits became active.  *Id*. at ¶ 48.   As of the date of the Complaint, Sky-Med's operations were ongoing and its website enabled consumers to book skydiving reservations using the GoJump Defendants' aircraft.  *Id*. at ¶ 49.

Since 2022, the GoJump Defendants have promoted "Skydiving in Hawaii" on their website.  *Id*. at ¶ 51.   Further, the landing page for their website features "GoJump Hawaii" and the phrase "Oceanview Skydiving in Hawaii."  *Id*. at ¶ 52. The landing page for Sky-Med's website includes the phrase "Skydiving Over Hawaii."  *Id*. at ¶ 53.   According to SSI, Defendants have used SSI's "Skydive Hawaii" trademark "in association" with "GoJump Hawaii" and "Skydiving in Hawaii", including in such examples: "Oceanview Skydiving in Hawaii," "Skydiving Over Hawaii," "Skydive Hawaii with GoJump," "Skydive over Hawaii – GoJump,"   "GoJump Hawaii Skydive – Hawaii Skydive," "Skydiving in

Hawaii," "Hawaii Skydiving," and "Pacific Skydiving Center Hawaii." *Id*. at ¶ 57-61.

On November 28, 2022, SSI "made written demand" on the GoJump Defendants concerning their alleged "improper and infringing use" of the "Skydive Hawaii" trademark, and demanded that they "cease and desist" from this conduct. *Id*. at ¶ 64.   On December 12, 2022, the GoJump Defendants denied that their conduct infringed the "Skydive Hawaii" trademark, and, since SSI's written demand, the GoJump Defendants have not ceased their alleged use of the trademark. *Id*. at ¶¶ 65-66.

Since late 2022, "numerous" incidents of confusion have allegedly occurred with respect to the "Skydive Hawaii" trademark. *Id*. at ¶ 71.   For example, Defendants' customers have presented their reservations for check-in at SSI's offices. *Id*.   On April 17, 2023, a Sky-Med customer posted on SSI's Instagram page, including a photograph of herself standing next to an aircraft with Sky-Med's livery. *Id*. at ¶ 84.   On April 28, 2023, a customer texted about SSI being unprofessional, but, after further texts, it "became apparent" that the customer had confused the GoJump Defendants for SSI. *Id*. at ¶ 85.   On May 10, 2023, a customer arrived at SSI's office to check-in, even though he had a reservation with the GoJump Defendants. *Id*. at ¶ 86.

Dr. Cynthia Cohen conducted an "online likelihood of confusion survey" to evaluate whether the use of "GoJump Hawaii" and "Skydiving in Hawaii" was likely to cause consumers to believe that GJH is associated with or the same as SSI due to its "Skydive Hawaii" trademark.   *Id*. at ¶ 90.   Dr. Cohen determined that there was a "net likelihood of confusion of 15.6%" that consumers would confuse GJH's services as coming from SSI.   *Id*. at ¶ 92.

According to SSI, Defendants' conduct has caused it "substantial business difficulties" and diminished its primary source of revenue from tandem skydivers and jumps.   *Id*. at ¶ 94.

On March 6, 2023, SSI applied to Dispute Prevention & Resolution Inc. (DPR) to mediate its concerns, alleging Defendants' infringement of the "Skydive Hawaii" trademark.   *Id*. at ¶ 82.   The foregoing mediation did not proceed and DPR closed its file.   *Id*. at ¶ 83.

The Complaint asserts four causes of action.   First, for trademark infringement against all Defendants under the Lanham Act, 15 U.S.C § 1051 *et seq.* (Count One).   Second, for unfair competition against all Defendants, in violation of 15 U.S.C. § 1125 (Count Two).   Third, for breach of the Settlement Agreement against all Defendants (Count Three).   And fourth, for intentional interference with contractual relations against the GoJump Defendants (Count Four).

8

## II.   <u>The Motion for Preliminary Injunction</u>

On July 14, 2023, the day after filing the Complaint, SSI filed the pending motion for preliminary injunction.   Dkt. No. 17.   Therein, SSI first argues that it is likely to succeed on the merits of its trademark-infringement claim.   *Id*. at 13-25. Specifically, SSI argues that it has a valid and protectable trademark, and there is a likelihood of confusion from Defendants' conduct.   With respect to the latter, SSI argues that its trademark is strong, the parties' services are identical, the parties' marks are similar, there have been instances of actual consumer confusion, Dr. Cohen's survey evidence of consumer confusion is "highly probative", the parties' marketing channels are identical, the GoJump Defendants have "intentional[ly]" attempted to "deceive the public", and the GoJump Defendants are expanding their business to compete with SSI.   SSI also argues that the GoJump Defendants cannot establish a "fair use" defense because they are using "Skydiving in Hawaii" as a mark, rather than descriptively.   *Id*. at 25-27.

On September 20, 2023, the GoJump Defendants filed an opposition to the motion for preliminary injunction, Dkt. No. 46,[4]  and on September 28, 2023, SSI filed a reply, Dkt. No. 52.

---

[4]The Sky-Med Defendants also filed an opposition to the motion for preliminary injunction, Dkt. Nos. 49, 51, but, in light of those parties' settlement with SSI, the Court does not further address that opposition herein.

III.   **The Motion to Dismiss**

On August 25, 2023, the GoJump Defendants moved to dismiss all counts of the Complaint.   *See* Dkt. No. 42 at 11-23.   With respect to Counts 1 and 2, they argue that the "Skydive Hawaii" trademark is not entitled to protection under federal law because it is "generic."   They also argue that, even if the "Skydive Hawaii" trademark is not generic, their alleged uses of the mark are protected by the "classic fair use" doctrine.   The GoJump Defendants also argue that Counts 3 and 4 should be dismissed.   *Id*. at 23-26.   With respect to Count 3, they argue that the Complaint fails to state a claim for breach of contract because it fails to allege, *inter alia*, the provision(s) of the Settlement Agreement that were violated.   With respect to Count 4, they argue that they cannot be liable for *interfering* with the Settlement Agreement when they are also alleged to be a party to the same.

On September 21, 2023, SSI filed an opposition to the motion to dismiss, Dkt. No. 47, and, on September 28, 2023, the GoJump Defendants filed a reply, Dkt. No. 53.

On October 2, 2023, following review of the pending motions, the Court elected to hold the same in abeyance and vacated a scheduled hearing on the motions, pending completion of scheduled mediation between the parties.   Dkt. No. 55.   Thereafter, although SSI and the Sky-Med Defendants were able to reach a settlement of their disputes, *see* Dkt. No. 59, the same was not true between SSI and

the GoJump Defendants.   Therefore, this Order with respect to SSI's motion for preliminary injunction and the GoJump Defendants' motion to dismiss now follows.

## STANDARDS OF REVIEW

### I.   Motion for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."   *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).   When a party "has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary." *Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007).

### II.   Motion to Dismiss

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

The Court begins by addressing SSI's two claims under federal trademark law (Counts 1 & 2), both of which share the same legal standard.   *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999).

To establish a trademark infringement or unfair competition claim under the Lanham Act, a plaintiff must allege that (1) it has a valid and protectable trademark, and (2) the defendant's use of a similar mark is likely to confuse customers as to the source of products or services.   *Id*. at 1046-47, 1053.   SSI contends that it has established these elements by alleging (1) a protectible ownership interest in the "Skydive Hawaii" trademark, and (2) a high likelihood of confusion between "Skydive Hawaii" and "GoJump."   Dkt. No. 17-1 at 13-25; Dkt. No. 47 at 8-16.   In response, in addition to disputing the foregoing arguments, the GoJump Defendants assert that their alleged uses of the "Skydive Hawaii" trademark are protected by the "classic fair use" doctrine.   Dkt. No. 42-1 at 17-23.

Classic fair use "involves a defendant's use of a descriptive term in its primary, descriptive sense," and allows a defendant to avoid liability "by showing that it has used the plaintiff's trademark fairly."   *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1031 (9th Cir. 2010) (quotations omitted).   "To establish a fair use defense, the defendant must show that it used the term 'fairly and in good faith only to describe its goods or services.'"   *Id*.

13

(quoting 15 U.S.C. § 1115(b)(4), cleaned up).   Specifically, Section 1115(b)(4) provides that fair use "is a use, otherwise than as a mark, of the party's individual name in his own business … or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin[.]"   In addition, with respect to fair use, the U.S. Supreme Court has explained that the "'use of a similar name by another to truthfully describe his own product does not constitute a legal or moral wrong, even if its effect be to cause the public to mistake the origin … of the product.'"   *Fortune Dynamic*, 618 F.3d at 1039 (quoting *William R. Warner & Co. v. Eli Lilly & Co.*, 265 U.S. 526, 529 (1924)).

The GoJump Defendants argue that the allegations of the Complaint establish its "classic fair use" defense because (1) their alleged uses of "Skydive Hawaii" are not plausibly "trademark uses", but (2) are instead descriptive of the service they provide, and (3) there are no allegations that their alleged uses were made in anything other than good faith.   For the reasons discussed below, the Court in relevant parts agrees that the "classic fair use" defense applies as a matter of law here.

As an initial matter, it is important to put in perspective the services the parties here provide and the terms SSI seeks to protect.   It is alleged and undisputed that the parties provide the same essential services: training in and actual *skydiving* at

Dillingham Airfield in Waialua, North Shore, Oahu, Hawai'i.   SSI, meanwhile,

seeks to protect its "Skydive Hawaii" trademark, along with the words "skydiving"

and "Hawaii" when used in a sentence together with "gojump" or "GoJump

Hawaii."[5]   The problem with SSI's efforts, however, are that they seek to

*monopolize* the two words, "skydive" and "skydiving" that most efficiently and

accurately describe the service the parties provide,[6]  while also taking control of the

most obvious word, Hawai'i, to describe the location of those services.   Such

monopolization is not the purpose of, nor permitted by, trademark law.   *See KP*

*Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 122 (2004)

(explaining "the undesirability of allowing anyone to obtain a complete monopoly

on use of a descriptive term simply by grabbing it first[]" and, as a result, "[i]f any

confusion results, that is a risk the plaintiff accepted when it decided to identify its

---

[5]In its motion for preliminary injunction, SSI also seeks to prevent the GoJump Defendants from using "GoJump Hawaii" as a standalone phrase.   Dkt. No. 17-1 at 30.   SSI, however, provides no explanation for why it should be allowed to stop the GoJump Defendants from using the name of GJH's business, even if used completely independent of skydiving.   A reason certainly does not come from the survey of Dr. Cohen upon which SSI relies, given that the survey, at best, only contends that the use of "GoJump Hawaii" *and* "Skydiving in Hawaii" creates a net 15.6% likelihood of consumer confusion.   *See* Dkt. No. 18-18 at 22.   Because SSI offers no reason, the Court does not further address this request.
[6]Not only are these words the most efficient and accurate to describe *skydiving*, but there are really no other one-, two-, or even three-word alternative options to describe the parties' services, and SSI makes no attempt to suggest one.   Instead, as the GoJump Defendants offer, they would be forced to use something closer to a dictionary definition, *see* Dkt. No. 42-1 at 22, or, at least, something like "jumping and parachuting out of an airplane."   SSI provides no reason premised upon the purposes of trademark law for why the GoJump Defendants should have to go to such lengths to describe their services.

product with a mark that uses a well known descriptive phrase.") (quotation omitted).

Turning to the elements of the "classic fair use defense", the GoJump Defendants must first show that their alleged uses are not being used as a trademark. 15 U.S.C. § 1115(b).

> Indications of trademark use include whether the term is used as a symbol to attract public attention, which can be demonstrated by the lettering, type style, size and visual placement and prominence of the challenged words[.] Another indication of trademark use is whether the allegedly infringing user undertook precautionary measures such as labeling or other devices designed to minimize the risk that the term will be understood in its trademark sense.

*Fortune Dynamic*, 618 F.3d at 1040 (quotations and citations omitted).   In other words, in the sense that the term is itself being used to identify the source of a defendant's goods or services.   *See id*. (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 639-640 (7th Cir. 2001) (explaining that the goods "plainly indicat[ed]" the defendant, rather than the trademarked term, as the source of the goods)).

Here, review of the alleged infringing uses of "Skydive Hawaii", "skydiving", and "Hawaii" reflect that they are not being used in their trademark sense. Specifically, those terms are not being used to identify *the source* of the GoJump Defendants' services.   Instead, that is the role that "gojump" or "GoJump Hawaii" plays in a sentence and/or in its place in a web address.   The only role played by the

terms "skydiving", "skydive", and "Skydive Hawaii" is to explain (or, as discussed below, *describe*) the services that the GoJump Defendants provide.    For example, the Complaint alleges that the "landing page" of the GoJump Defendants' website features the following "prominent" text: "Oceanview Skydiving in Hawaii." Compl. at ¶ 52.    Although, in its opposition to the motion to dismiss, SSI does not focus upon this factor in the classic fair use defense,[7] in its motion for preliminary injunction, SSI argues that "Skydiving in Hawaii" is "isolated", being used in the "largest typeface", and displayed in "contrasting colors…."    Dkt. No. 17-1 at 26-27.    SSI, however, ignores the *entire* landing page, which SSI submitted as an exhibit to its motion for preliminary injunction (Dkt. No. 18-5).[8]    Notably, SSI ignores the giant pictures of people about to or in the act of skydiving.    Those pictures are, in fact, the "largest" and most "contrasting" language on the landing page.    Moreover, they provide the context for the text that SSI challenges.    Further, SSI ignores the fact that "GoJump" is placed, on multiple occasions, across the landing page.    As important, it is the text "GoJump" that "invites" the public to go

---

[7]In fact, the only mention of this factor in SSI's opposition is the conclusory sentence that "GoJump has failed to prove these three elements."    Dkt. No. 47 at 19.    That, obviously, does not meaningfully oppose (and, arguably, waives) the GoJump Defendants' considerably more thorough argument (Dkt. No. 42-1 at 19-21) that it has established these elements, including the first.

[8]For purposes of the motion to dismiss, because the Complaint relies on the GoJump Defendants' "landing page", among other things, to establish its trademark infringement claim, the Court takes judicial notice of the exhibits containing the alleged infringement as being incorporated in the Complaint by reference.    *See United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) (explaining that a court can consider, *inter alia*, documents incorporated by reference in the complaint or matters of judicial notice, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment).

skydiving.   In other words, it is clear that "GoJump" is the source of the skydiving services offered.   It is equally clear that the GoJump Defendants are using the phrase, "Enjoy Oceanview Skydiving in Hawaii", to *explain* why the individual in the corresponding picture has her mouth wide-open as she looks through an even larger opening in the airplane.   *See* Dkt. No. 18-5.[9][10]   The Court, therefore, finds that the alleged infringing terms are not being used "otherwise than as a mark."   *See* 15 U.S.C. § 1115(b)(4); *cf. Fortune Dynamic*, 618 F.3d at 1040 (concluding that there was evidence from which a reasonable jury could conclude the defendant was using "Delicious" as a trademark where the term was used alone on the front of a t-shirt in large letters and silver typescript and in "remarkably similar" fashion to how the defendant used two of its own trademarks).

The next factor is whether the GoJump Defendants used the allegedly infringing terms only to "describe" their goods or services.   15 U.S.C. § 1115(b)(4);

---

[9]SSI also ignores that a person only gets to the GoJump Defendants' landing page after typing in their web address, which the Complaint alleges is "https://gojump-america.com/hawaii", Compl. at ¶ 51—another clear indication of who is the *source* of the skydiving services on the landing page.

[10]The GoJump Defendants' (and Sky-Med's) other alleged infringing uses fare no better. Sky-Med's landing page, under the business name Pacific Skydiving, is equally, if not further, removed from unfair conduct.   The allegedly offensive language "Skydiving Over Hawaii" is not the largest or otherwise most prominent text on the page.   Rather, that prize goes to "Wanna Get High…Naturally!"   *See* Dkt. No. 18-6.   Moreover, "Skydiving Over Hawaii" is simply part of a long sentence explaining (or describing) the service a person can expect.   The *source* of that service, though, is clearly identified by the banner at the top of the landing page: "Pacific Skydiving."   SSI's other alleged uses involve "Google" searches that result in "Skydive Hawaii" and/or "skydiving" allegedly being associated with "GoJump."   *See* Compl. at ¶¶58-61.   SSI ignores, however, that each of these alleged uses still identify the *source* of the skydiving as GJA or GJH, such as "Skydive Hawaii *with* GoJump", *see id.* at ¶ 58 (emphasis added), or links to a webpage identifying the GoJump Defendants as the source, *see* Dkt. No. 18-7.

*Fortune Dynamic*, 618 F.3d at 1041.   The Ninth Circuit has explained that this

factor "varies with what we call the descriptive purity of the defendant's use and

whether there are other words available to do the describing."   *Fortune Dynamic*,

618 F.3d at 1041.   Here, as the foregoing discussion suggests, the allegedly

infringing terms used by the GoJump Defendants are descriptively pure: "Enjoy

Oceanview Skydiving in Hawaii", "Skydiving Over Hawaii is Easy and Fun With

Your Highly Experienced Tandem Instructor Attached to You Every Step of the

Way", "Skydive Hawaii with GoJump", "GoJump Hawaii Skydive – Hawaii

Skydive", and "Oceanview Skydiving with GoJump Hawaii."   Compl. at ¶¶ 58-61;

Dkt. Nos. 18-5, 18-6.   It is perhaps difficult to conjure up a more descriptively pure

use of the terms: the service being provided is skydiving in Hawaii and that is

precisely how the Go Jump Defendants allegedly described it.   *Cf. Fortune*

*Dynamic*, 618 F.3d at 1041 (explaining that "as a defendant's use of a term becomes

less and less purely descriptive, its chances of prevailing on the fair use defense

become less and less likely[,]" and concluding that a reasonable jury could find that

the use of the term "Delicious" was not descriptive of a t-shirt).   SSI certainly does

not offer a more descriptively pure use, beyond the conclusory assertion that the

terms "go beyond" being descriptive.   *See* Dkt. No. 52 at 6.[11]   Moreover, contrary

---

[11]The Court notes that SSI offered this conclusory argument, as well as any argument concerning
the "descriptive" element of the fair use defense, for the first time in its reply supporting the
motion for preliminary injunction.   Therefore, arguably waiving those arguments for review.
*See* Local Rule 7.2 ("Any argument raised for the first time in the reply shall be disregarded.").

to SSI's suggestions, the allegedly infringing terms are not used in isolation--rather they are used in sentences with other words explaining the services provided and/or in accompaniment with large pictures.   Further, unlike *Fortune Dynamic*, there are not "a number of alternative words" to describe the GoJump Defendants' services. As noted earlier, with respect to "skydiving" or "skydive", there are *no* reasonable alternatives for the GoJump Defendants to use to describe their services beyond phrases that likely come closer to a dictionary definition.   *See* n.6 *supra*.   As for "Hawaii", as SSI asserts for the first time in its reply in support of the motion for preliminary injunction, the GoJump Defendants have at least one alternative word they could use: Waialua.[12]   *See* Dkt. No. 52 at 7.   However, that is just *one* alternative for *one* of the terms the GoJump Defendants allegedly use, and SSI cites no case law suggesting that such a meager number results in a term being non-descriptive.   *Cf. Fortune Dynamic*, 618 F.3d at 1042-43 (concluding that the defendant had an "abundance of alternative words" at its disposal).[13]   Instead, all this shows is that SSI seeks to monopolize the use of the words "skydive" and "Hawaii", as SSI acknowledges, "in any capacity…."   *See* Dkt. No. 17-1 at 30.

---

[12]The reply spells the town name as "Wailua", but, apart from being the incorrect spelling, it is also not the spelling alleged in the Complaint.   *See* Compl. at ¶¶ 5, 35.   SSI also contends that the GoJump Defendants could use the town "Haleiwa."   Dkt. No. 52 at 7.   However, given that the Complaint alleges that the address for the parties' skydiving services is Waialua, that would not be an accurate description.

[13]SSI also fails to explain how converting "GoJump Hawaii" into "GoJump Waialua" fixes SSI's alleged concerns, given that the phrase "Come Skydiving in Hawaii with GoJump Waialua" would still, presumably, fall afoul of SSI's broad interpretation of their trademark.   *See* Dkt. No. 17-1 at 30.

Because this is the concern "at the heart of the fair use defense[,]" *see Fortune Dynamic*, 618 F.3d at 1043, the Court finds that the GoJump Defendants' alleged infringing uses are descriptive for purposes of Section 1115(b)(4).

The final factor is "whether the defendant has exercised good faith."  *Id*. This factor asks whether the defendant "in adopting its mark intended to capitalize on plaintiff's good will."  *Id*.  Here, there are no allegations in the Complaint that the GoJump Defendants, in using the allegedly infringing terms, intended to capitalize on SSI's good will.  Notably, across all of SSI's briefing, the *only* mention of this issue is, in its reply, SSI contending that the existence of an alternative word for "Hawaii" constitutes a lack of good faith.  *See* Dkt. No. 52 at 7.[14]  SSI, however, provides no legal support for the proposition that the failure to use the solitary alternative word for "Hawaii" discussed above constitutes a lack of good faith.  Moreover, the Court simply disagrees with any such notion.  Among other things, it is simply not plausible that the GoJump Defendants chose the word "Hawaii" instead of "Waialua" in order to capitalize on SSI's good will, rather than because, for potential skydiving customers, "Hawaii" is a far better-known location than "Waialua."  Further, as the GoJump Defendants argue in their motion to dismiss, Dkt. No. 42-1 at 22-23, for the reasons discussed above, the Court agrees that the landing pages and web searches upon which SSI relies in its Complaint

---

[14]As with the arguments noted in n.11 *supra*, this argument is also therefore, arguably, waived.

reflect a good faith use of the terms "skydive", "skydiving", and "Hawaii."   More specifically, those terms are being used to truthfully describe the services the GoJump Defendants provide and where they are provided, all in a simple and straightforward manner, while indicating the source of the services—the GoJump Defendants.   Therefore, the Court finds that the GoJump Defendants alleged infringing uses have been made in good faith.

SSI raises one other argument in disputing that the "classic fair use" defense applies.   Specifically, SSI argues that, in the Ninth Circuit, "the classic fair use defense is **not** available if there is a likelihood of customer confusion as to the origin of the product."[15]   Dkt. No. 47 at 17 (emphasis in original, quotations omitted).   As set forth in the GoJump Defendants' reply, however, that is simply an incorrect statement of the law.   *See* Dkt. No. 53 at 1-5.   Notably, in *Fortune Dynamic*, the Ninth Circuit clarified that, pursuant to Supreme Court precedent, a defendant is not required to "'negate confusion.'"   618 F.3d at 1039 (quoting *KP Permanent*, 543 U.S. at 118).   Put another way, "some possibility of consumer confusion must be compatible with fair use."   *Id*. (quotation omitted).[16]   Therefore, SSI's contention—that the classic fair use defense is not available when there is customer confusion—is simply not accurate.

---

[15]This is, in fact, the only non-conclusory argument raised in SSI's opposition to the motion to dismiss.

[16]SSI should have been aware of this development, given that it cites *Fortune Dynamic* in its opposition and motion for preliminary injunction.   Dkt. Nos. 17-1 at 25; Dkt. No. 47 at 14.

Accordingly, because the allegations of this case reflect that all three elements of the "classic fair use" defense apply, the Court GRANTS the motion to dismiss with respect to Counts 1 & 2.   In addition, because the motion for preliminary injunction relies solely upon Counts 1 & 2 as the basis for a likelihood of success on the merits, said motion, Dkt. No. 17, is DENIED AS MOOT.

Finally, in light of the allegations of the Complaint and the exhibits incorporated therein by reference, the Court finds that leave to amend Counts 1 & 2 would be futile.   Notably, amendment will not change the nature of the GoJump Defendants alleged infringing uses, which have been provided to the Court in the Complaint and in the exhibits attached to SSI's motion for preliminary injunction. Because the Court has found those allegedly infringing uses constitute fair use, there is no point in amending the underlying trademark claims.   Therefore, leave to amend is not granted with respect to Counts 1 & 2.

This leaves Counts 3 & 4 for breach of contract and intentional interference with contractual relations.   The GoJump Defendants move to dismiss those claims as failing to state a claim for relief.   Dkt. No. 42-1 at 23-26.   In light of the dismissal of Counts 1 & 2, though, the Court declines to address those arguments for dismissal at this time.   Instead, the Court directs the following supplemental briefing from the parties.   Specifically, the parties are directed to address (1) whether Counts 3 & 4 are moot in light of the Court's dismissal of Counts 1 & 2, and

(2) if Counts 3 & 4 are not moot, whether the Court retains or should retain subject matter jurisdiction over those claims following the dismissal of Counts 1 & 2.   With respect to the latter, the Court notes that, in the Complaint, SSI alleges that the Court has supplemental jurisdiction over its "state law claim", while also alleging that the Court "retains" jurisdiction to enforce the Settlement Agreement.   Compl. at ¶¶ 3, 33.   Although the Settlement Agreement may provide that the Court retains jurisdiction to enforce its terms, at this juncture, the Court is unconvinced that such a provision requires the Court to exercise jurisdiction over, presumably, SSI's breach of contract claim.   Among other things, the Court was not a party to the Settlement Agreement and never agreed or otherwise approved of its terms, including any term stating that jurisdiction would be retained to enforce the Settlement Agreement. Put simply, with the federal "hook" of the trademark claims having been dismissed, the Court is presently unconvinced that anything other than supplemental jurisdiction exists over Counts 3 & 4, both of which appear premised upon State law. The parties may file individual briefs addressing the above matters, which shall be no more than five (5) pages in length and due within fourteen (14) days of entry of this Order.

## CONCLUSION

"Skydiving in Hawaii" is a description of an experience – a description that is clear, concise, and with few (if any) reasonable alternatives.   One party, therefore,

24

should not be able to monopolize the expression for itself, particularly by invoking federal trademark law to do so.   Instead, *any* party should be able to *truthfully* describe its services in this and similar manners and *that* is what federal trademark law is designed to protect.

Accordingly, for the reasons stated herein, the motion to dismiss, Dkt. No. 42, is GRANTED IN PART, with Counts 1 & 2 of the Complaint being DISMISSED without leave to amend.   The motion for preliminary injunction, Dkt. No. 17, is DENIED AS MOOT.   The parties shall have fourteen (14) days from entry of this Order to address the jurisdictional matters set forth herein with respect to Counts 3 & 4 of the Complaint.

IT IS SO ORDERED.

Dated: November 22, 2023 at Honolulu, Hawaiʻi.


Derrick K. Watson
Chief United States District Judge