IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SKYDIVING SCHOOL, INC.,<br><br>           Plaintiff,<br><br>     v.<br><br>GOJUMP AMERICA, LLC,<br>GOJUMP HAWAII LLC, and<br>MICHAEL VETTER, *et al.*,<br><br>           Defendants. | Case No. 23-cv-00292-DKW-WRP<br><br>**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER COUNTS III AND IV OF THE COMPLAINT AND DISMISSING THE SAME WITHOUT PREJUDICE** |

This matter comes before the Court following the entry of an Order directing briefing on whether the Court should retain supplemental jurisdiction over two state-law-based claims, Counts III & IV of the Complaint, following the dismissal of Counts I & II—the sole federal claims in this case. Having reviewed the parties' briefing, the Court exercises its discretion to decline supplemental jurisdiction over Counts III & IV, as explained below.

A federal court may decline to exercise supplemental jurisdiction over a claim when, *inter alia*, "the district court has dismissed all claims over which it has original jurisdiction…." 28 U.S.C. § 1367(c)(3). "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal

claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007).

Here, some procedural background provides context for the Court's decision. First, in August 2023, Defendants Sky-Med, Inc. dba Pacific Skydiving (Sky-Med) and Guy Banal (Banal, and, with Sky-Med, the Sky-Med Defendants), on one hand, and Defendants GoJump America, LLC (GJA), GoJump Hawaii LLC (GJH), and Michael Vetter (Vetter, and, with GJA and GJH, the GoJump Defendants), on the other, filed motions to dismiss the Complaint. Dkt. Nos. 36, 42. Before ruling on the Sky-Med Defendants' motion to dismiss, however, Plaintiff Skydiving School, Inc. (SSI or Plaintiff) and the Sky-Med Defendants reached a settlement, resulting in the Sky-Med Defendants' motion to dismiss being withdrawn. *See* Dkt. Nos. 58-59.

On November 22, 2023, the Court entered an Order dismissing Counts I & II of the Complaint against the GoJump Defendants. Dkt. No. 60. Counts I & II alleged claims of trademark infringement and unfair competition under federal law. In the same Order, after dismissal of Counts I & II, the Court also directed briefing from the parties on whether the Court should retain supplemental jurisdiction over Counts III & IV. This was because Counts III & IV, which alleged claims for breach of contract and intentional interference with contractual relations, appeared premised upon State law.

On December 6, 2023, Plaintiff and the GoJump Defendants filed their briefing, as directed.   Dkt. Nos. 65-66.   Plaintiff requests that the Court retain jurisdiction over this case for "60 to 90 days"−in essence, to allow Plaintiff and the Sky-Med Defendants "to resolve their differences on certain settlement terms, execute the settlement documents, and close the settlement," which would include dismissing all claims against the Sky-Med Defendants.   Dkt. No. 66 at 5.

Finally, on February 15, 2024, the Court entered a Stipulation for Dismissal With Prejudice of all claims by Plaintiff against the Sky-Med Defendants.   Dkt. No. 76.   In other words, the principal reason Plaintiff expresses for retaining jurisdiction—finalizing its settlement with the Sky-Med Defendants—has come to fruition.[1]   In this light, given that all federal claims, against both the Sky-Med and GoJump Defendants, have been dismissed, the Court finds no reason to retain jurisdiction over the State law claims brought in the Complaint.[2]   Therefore, the Court declines to exercise supplemental jurisdiction over Counts III & IV, and

---

[1] Although it is not clear, Plaintiff also arguably contends that supplemental jurisdiction could be retained (1) to determine whether diversity jurisdiction exists, and (2) because Plaintiff "believes that additional claims may exist against the GoJump Defendants…."   Dkt. No. 66 at 4-5.   First, the Complaint alleges that Plaintiff and GJH are Hawaii entities.   Dkt. No. 1 at ¶¶ 5, 8. Therefore, contrary to Plaintiff's apparent suggestion, diversity jurisdiction does not exist here.   Second, the "additional claims" Plaintiff identifies do not state any federal claims.   Finally, Plaintiff also asserts that the Court "may remand" this case to State court.   Dkt. No. 66 at 5.   This case, however, was not removed from State court, and, thus, there is no State court to which it can be remanded.

[2] In its supplemental briefing, the GoJump Defendants assert that, depending on various uncertain variables, the Court "may" wish to retain supplemental jurisdiction in this case.   Dkt. No. 65 at 4-5.   Upon review of the GoJump Defendants' position, which is essentially premised upon a serious of known unknowns, the Court is unconvinced that the same warrants retaining supplemental jurisdiction over Counts III & IV.

DISMISSES those claims WITHOUT PREJUDICE. *See Foster*, 504 F.3d at 1052 (affirming the dismissal of State law claims without prejudice after the district court declined to exercise supplemental jurisdiction). The remaining portion of the GoJump Defendants' motion to dismiss, Dkt. No. 42, concerning Counts III & IV, is therefore DENIED AS MOOT.

The sole remaining matter in this case is the GoJump Defendants' motion for attorney's fees and non-taxable costs, Dkt. No. 69, which shall continue as scheduled.

IT IS SO ORDERED.

Dated: February 20, 2024 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge