IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SKYDIVING SCHOOL, INC., | ) CIVIL NO. 23-00292 DKW-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) IN PART DEFENDANTS GOJUMP |
| | ) AMERICA, LLC, GOJUMP |
| GOJUMP AMERICA, LLC, | ) HAWAII LLC, AND MICHAEL |
| GOJUMP HAWAII LLC, and | ) VETTER'S  MOTION FOR AN |
| MICHAEL VETTER, et al., | ) AWARD OF ATTORNEYS' FEES |
| | ) AND NON-TAXABLE COSTS |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS
GOJUMP AMERICA, LLC, GOJUMP HAWAII LLC, AND MICHAEL
VETTER'S  MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-
TAXABLE COSTS

Before the Court is Defendants GoJump America, LLC, GoJump

Hawaii, LLC (GJH), and Michael Vetter's (collectively, "GoJump Defendants")

Motion for an Award of Attorneys' Fees and Non-Taxable Costs (Motion), filed on

April 9, 2024.  See Motion, ECF No. 87.  Plaintiff Skydiving School, Inc. doing

business as Skydive Hawaii (Plaintiff) filed its Opposition, see Opp. ECF No. 91,

followed by GoJump Defendants' Reply.  See Reply, ECF No. 92.  The Court

thereafter requested supplemental briefing, which GoJump Defendants and

Plaintiff filed on July 18, and August 1, 2024, respectively.  See Supp. Decln. of

Gregory Kugle, ECF No. 94; Supp. Decln. of Michael Lane, ECF No. 95; Plf's

Supp. Opp., ECF No. 96.  This matter is suitable for disposition without a hearing

pursuant to Rule 54.2(g) of the Local Rules of Practice of the United States District

Court for the District of Hawaii (Local Rules).  After careful consideration of the

parties' submissions and the relevant legal authority, the Court FINDS AND

RECOMMENDS that GoJump Defendants' Motion be GRANTED IN PART.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

The parties[2] are familiar with the facts of this case and, therefore, the

Court does not repeat them in detail here but recounts the factual allegations

relevant to the present Motion.

According to the Complaint, Plaintiff, Sky-Med, and GJH are direct

competitors engaged in the same business at the same location:  skydiving

instruction and related services at Dillingham Airfield on the North Shore of Oahu,

Hawai'i.  See Compl., ECF. No. 1 at ¶¶ 5-6, 8, 13.

---

[1] Within fourteen days after a party is served with the Findings and
Recommendation, pursuant to 28 U.S.C. § 636 (b)(1), a party may file written
objections in the United States District Court.  A party must file any objections
within the fourteen-day period to preserve appellate review of the Findings and
Recommendation.

[2] In addition to GoJump Defendants, Plaintiff also named the following parties as
defendants in this case: Sky-Med, Inc. dba Pacific Skydiving (Sky-Med) and Guy
Banal (collectively, "Sky-Med Defendants").  Sky-Med Defendants and GoJump
Defendants are collectively referred to as "Defendants."

Plaintiff owns six registered trademarks, including a trademark for the phrase "Skydive Hawaii".  See id. at ¶¶ 14-15.  In 2013 and 2014, Plaintiff and Sky-Med Defendants were parties to a trademark infringement action in this Court (the First Litigation), wherein Plaintiff alleged that its "Skydive Hawaii" trademark was infringed.  See id. at ¶ 27.  In the First Litigation, the court denied Plaintiff's motion for preliminary injunction, finding that, upon weighing the evidence at the preliminary stage of the litigation, there was an insufficient likelihood of confusion between "Skydive  Hawaii" and "Pacific Skydiving Hawaii" to warrant emergency injunctive relief.  See Order (1) Granting In Part Defendants GoJump America, GoJump Hawaii, and Michael Vetter's  Motion To Dismiss, (2) Denying As Moot Plaintiff's Motion For Preliminary Injunction, and (3) Directing Supplemental Briefing on Counts II and IV of the Complaint (Order Dismissing Federal Claims), ECF No. 60 at 4.  Thereafter, the First Litigation settled pursuant to a settlement agreement between the parties.  See id.

In this current litigation filed on July 13, 2023, Plaintiff alleges that Defendants have wrongfully used Plaintiff's "Skydive Hawaii" trademark in phrases such as:  "Skydiving Over Hawaii," "Skydive Hawaii with GoJump," "Skydiving in Hawaii," and "Hawaii Skydiving".  See id. at 6-7; Compl., ECF No. 1 at ¶¶ 57-61.  Plaintiff also alleges that there have been numerous instances of confusion by customers between the services provided by Plaintiff and Defendants.

3

<u>See</u> Compl., ECF No. 1 at ¶¶ 71-75.

Plaintiff asserted four causes of action in this case:  trademark infringement against all Defendants under the Lanham Act, 15 U.S.C § 1051 et seq. (Count I); unfair competition against all Defendants, in violation of 15 U.S.C. § 1125 (Count II); breach of the settlement agreement regarding the First Litigation against all Defendants (Count III); and intentional interference with contractual relations against the GoJump Defendants (Count IV).

On October 25, 2023, a settlement was reached between Plaintiff and Sky-Med Defendants.  <u>See</u> Minute Orders, ECF Nos. 58, 59.  Plaintiff subsequently dismissed Sky-Med Defendants on February 15, 2024.  <u>See</u> Stipulation for Dismissal with Prejudice of All Claims Against Defendants Sky-Med, Inc. dba Pacific Skydiving and Guy Banal, ECF No. 76.

On November 22, 2023, the district court issued an order granting in part Go-Jump Defendants' Motion to Dismiss.  <u>See</u> Order Dismissing Federal Claims, ECF No. 60.  The order dismissed the federal claims in Counts I and II and asked for supplemental briefing on whether Counts III and IV are moot.  <u>See id.</u> at 23-25.

As to the federal claims, the district court stated that GoJump Defendants' use of "Skydive Hawaii" constitutes "classic fair use" and that Plaintiff's position otherwise is "simply untenable":

4

Having reviewed the parties' briefing, the record, and relevant case law, the Court agrees that the GoJump Defendants' alleged uses of "Skydive Hawaii" constitute "classic fair use." **Notably, in choosing the phrase "Skydive Hawaii" as its trademark, Plaintiff elected to use the most common word to describe its service – "skydive" – along with the name of the State where those services take place – "Hawaii." Plaintiff cannot, therefore, complain that a business rival also now desires to use those obvious words, *and* others, in describing its services. Plaintiff further seeks to monopolize the words "skydive" and "skydiving" when used in any brief sentence with "Hawaii", such as "skydiving in Hawaii", and even prevent the GoJump Defendants from using their own company name in a sentence with "Hawaii" and/or "skydiving."** Because **this is simply untenable**, as more fully discussed herein, Plaintiff's claims premised upon federal trademark law (Counts I & II) must be DISMISSED. Moreover, because amendment of the Complaint would not change this result, leave to amend those claims is not warranted.

See id. at 2-3 (italicized emphasis in original). Thus, Plaintiff's federal claims were dismissed without leave to amend. See id. at 3, 23, 25.

As to the state law claims in Counts III and IV, after reviewing the parties' supplemental briefs, the district court declined to exercise supplemental jurisdiction over them and dismissed Counts III and IV without prejudice. See Order Declining to Exercise Supplemental Jurisdiction Over Counts III and IV of the Complaint and Dismissing the Same Without Prejudice, ECF No. 77. Judgment was thereafter entered. See Clerk's Judgment, ECF No. 89.

5

GoJump Defendants now seek to recover attorneys' fees and costs under the Lanham Act, 15 U.S.C. § 1117(a) as the prevailing party in this matter. For the reasons discussed below, the Court recommends granting the Motion in part.

DISCUSSION

## I.    Entitlement to Attorneys' Fees

GoJump Defendants seek to recover attorneys' fees and costs under the Lanham Act, 15 U.S.C. § 1117(a).

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Whether a case is "exceptional" is left to the discretion of the district court "considering the totality of the circumstances." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014) ("'[T]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" (brackets in original) (citation omitted)); SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179, 1180-81 (9th Cir. 2016) (en banc). An "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness,

6

572 U.S. at 554.  Courts also consider "frivolousness, motivation, objective

unreasonableness (both in the factual and legal components of the case) and the

need in particular circumstances to advance considerations of compensation and

deterrence." SunEarth, 839 F.3d at 1181 (citation omitted).  The applicable burden

of proof for fee entitlement is the preponderance of the evidence standard. See id.

### A. Whether this Case is Exceptional

Given that Plaintiff does not dispute GoJump Defendants are the

prevailing parties on Counts I and II, this Court must determine whether this case

is "exceptional" under 15 U.S.C. § 1117(a).  A "case presenting either subjective

bad faith or exceptionally meritless claims may sufficiently set itself apart from

mine-run cases to warrant a fee award." Octane Fitness, 572 U.S. at 555 (citation

omitted).  Indeed, a case qualifies as exceptional where "no reasonable litigant

could realistically expect success on the merits[.]" Vida Enter. Corp. v. Angelina

Swan Collection, Inc., No. 222CV00915ODWJCX, 2023 WL 9004960, at *2

(C.D. Cal. July 14, 2023) (quoting Universal Elecs., Inc. v. Universal Remote

Control, Inc., No. 8:12-cv-00329-AG (JPRx), 2015 WL 12733442, at *2 (C.D. Cal.

Mar. 10, 2015)).

In Vida Enterprise Corporation, for example, the district court found

that the plaintiff's claims were "'exceptionally meritless' so as to support an award

of attorneys' fees" under 15 U.S.C. § 1117(a).  2023 WL 9004960, at *2.  In that

7

case, the plaintiff brought trademark infringement and unfair competition claims
relating to trademarks used in connection with the sale of hats, socks, and other
clothing items.  See id. at *1.  In granting the defendant's motion for summary
judgment, the court "observed that it did 'not take a terribly detailed legal analysis'
to conclude that there was simply no appreciable chance of confusion and therefore
no cognizable trademark claim."  Id. at *1-2.  The court's summary judgment order
also noted that "no reasonable jury could find for [the plaintiff] on the consumer
confusion issue."  Id. at *2.  The court stated that granting summary judgment in
favor of the defendant "was not a close call" and that, "given the weakness of [the
plaintiff's] showing, . .  a reasonable litigant in [the plaintiff's] shoes could not
have expected success on the merits."  Id.  The court therefore concluded that "the
objective lack of merit is a basis on which the Court can properly find this case to
be exceptional."  Id. at *3.

        Similarly here, the district court found Plaintiff's position to be
"simply untenable."  See Order Dismissing Federal Claims, ECF No. 60 at 3.  The
court noted that Plaintiff's attempt to protect its trademark of the phrase "Skydive
Hawaii" amounted to improper monopolization prohibited by trademark law.

> The problem with [Plaintiff]'s efforts . . . are that they
> seek to ***monopolize*** the two words, "skydive" and
> "skydiving" that most efficiently and accurately describe
> the service the parties provide, while also taking control
> of the most obvious word, Hawaiʻi, to describe the

8

> location of those services.  **Such monopolization is not
> the purpose of, nor permitted by, trademark law.**  See
> KP Permanent Make-Up, Inc. v. Lasting Impression I,
> Inc., 543 U.S. 111, 122 (2004) (explaining "the
> undesirability of allowing anyone to obtain a complete
> monopoly on use of a descriptive term simply by
> grabbing it first[]" and, as a result, "[i]f any confusion
> results, that is a risk the plaintiff accepted when it
> decided to identify its product with a mark that uses a
> well known descriptive phrase.") (quotation omitted).

Id. at 15-16 (footnote omitted) (italicized emphasis in original); see also id. at 20

(noting that "[Plaintiff] seeks to monopolize the use of the words 'skydive' and

'Hawaii'").

The district court also noted that a review of GoJump Defendants'

allegedly infringing uses of Plaintiff's trademark "reflect that they are not being

used in their trademark sense."  Id. at 16.  Rather, "[t]he **only** role played by the

terms 'skydiving', 'skydive', and 'Skydive Hawaii' is to explain (or, as discussed

below, **describe**) the services that the GoJump Defendants provide."  Id. at 16-17

(emphases in original).  The court concluded that "the allegedly infringing terms

used by the GoJump Defendants are descriptively pure":  "It is perhaps difficult to

conjure up a more descriptively pure use of the terms: the service being provided is

skydiving in Hawaii and that is precisely how the GoJump Defendants allegedly

described it."  Id. at 19.

Regarding the purpose of trademark law, the district court reiterated

that it is designed to protect an entity's truthful description of its services and that

parties such as Plaintiff should not be permitted to monopolize descriptively pure

phrases:

> "Skydiving in Hawaii" is a description of an experience –
> a description that is clear, concise, and with few (if any)
> reasonable alternatives.  One party, therefore, should not
> be able to monopolize the expression for itself,
> particularly by invoking federal trademark law to do so.
> Instead, **any** party should be able to **truthfully** describe
> its services in this and similar manners and **that** is what
> federal trademark law is designed to protect.

Order Dismissing Federal Claims, ECF No. 60 at 24-25 (emphases in original).

The court ultimately dismissed Plaintiff's federal claims without leave to amend,

concluding "there is no point in amending the underlying trademark claims."  Id.

at 23.

Like the claims before the Vida court, this Court finds that the

detailed analysis in the Order Dismissing Federal Claims makes clear that

Plaintiff's trademark claims were "exceptionally meritless so as to support an

award of attorneys' fees."  See Vida Enter. Corp., 2023 WL 9004960, at *2

(internal quotation marks omitted).  Therefore, considering both the governing law

and the facts of the case, the Court finds in its discretion that the low substantive

strength and objective unreasonableness of Plaintiff's legal position as well as the

10

desire to advance considerations of deterrence make this case an exceptional one for purposes of 15 U.S.C. § 1117(a).[3]  See Octane Fitness, 572 U.S. at 554; SunEarth, 839 F.3d at 1181.

## II.    Reasonableness of the Attorneys' Fees Request

An award of reasonable attorneys' fees is generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate."  Hensley, 461 U.S. at 433-34.

### A. Reasonable Hourly Rate

A reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  See Roberts v. City of Honolulu, 938 F.3d 1020, 1025 (9th Cir. 2019).  The relevant community is the forum in which the district court sits.  See Camacho v. Bridgeport Fin., Inc., 523 U.S. 973, 979

---

[3] The Court finds the cases cited by Plaintiff that were held to be "unexceptional" are distinguishable from this case because those courts did not find low substantive strength and objective unreasonableness based on the law and facts.  Here, as discussed above, the record before the Court establishes that this case is exceptional for purposes of 15 U.S.C. § 1117(a).

(9th Cir. 2008) (citation omitted). The Court may also rely on its own knowledge or experience in determining a reasonable hourly rate. See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (holding district court did not abuse its discretion by relying on its own knowledge and experience to determine the reasonable hourly rate for attorney fees).

GoJump Defendants request the following rates for their attorneys and paralegal:

| Timekeeper | Rate |
|---|---|
| Gregory Kugle (DK) | $475 / $495* |
| Jonathan Marchuk (DK) | $225 / $250* |
| Bonnie B. Sin (DK, paralegal) | $210 |
| Michael Lane (LKW) | $395 |
| Joshua Richman (LKW) | $580 |
| Brett Weaver (LKW) | $495 |
| Zachary Tedford (LKW) | $350 |
| DK = Lewis Kohn & Walker, LLP<br>LKW = Damon Key Leong Kupchak Hastert<br>*rate increased on 3/1/2024 | |

See Motion, ECF No. 87-1 at 24; Supp. Decln. of Gregory Kugle, ECF No. 94 at ¶¶ 10, 12.

Gregory Kugle is a Director of Damon Key Leong Kupchak Hastert (Damon Key) and has been licensed to practice law in Hawaii since 1995. See Decln. of Gregory Kugle, ECF No. 87-3 ¶ 10. He has extensive experience in

12

litigation and appeals involving commercial disputes and intellectual property such as trademarks, tradenames, copyright, and patent litigation.  See id.  He has litigated cases in state and federal courts in Hawaii, as well as at the Ninth Circuit Court.  See id.  He was also recognized as a "Super Lawyer" in the area of general litigation and as a "Best Lawyer" in several areas including commercial litigation, construction law and land use.  See id.  Mr. Kugle's requested rate is $475 and increased to $495 on March 1, 2024.  See id.; Supp. Decln. of Gregory Kugle, ECF No. 94 at ¶ 10.  Plaintiff seeks to reduce Mr. Kugle's rate to $332.50.  See Opp., ECF No. 91 at 31; Supp. Opp. ECF No. 96 at 7.  Based on this Court's knowledge of the prevailing rates in the community, the Court finds that Mr. Kugle's hourly rate of $475 and increased rate of $495 (as of March 1, 2024) are reasonable.

Jonathan N. Marchuk is an Associate at Damon Key and has been licensed in Hawaii since 2022.  See Decln. of Gregory Kugle, ECF No. 87-3 ¶ 13. Plaintiff does not dispute Mr. Marchuk's rate of $225, see Opp., ECF No. 91 at 31; Supp. Opp. ECF No. 96 at 7, but appears to reject Mr. Marchuk's increased rate to $250 on March 1, 2024.  See Supp. Opp. ECF No. 96 at 7.  The Court finds Mr. Marchuk's requested rates of $225 and $250 (as of March 1, 2024) to be reasonable in light of the prevailing rates in the community.

Bonnie B. Sin is a Senior Paralegal with Damon Key and has over 29 years of experience as a paralegal.  See Decln. of Gregory Kugle, ECF No. 87-3

13

¶ 15.  She has extensive experience in assisting with litigation matters.  See id.
Plaintiff does not dispute Ms. Sin's rate of $210, see Opp., ECF No. 91 at 31,
which this Court finds to be reasonable in light of the prevailing rates in the
community.

        Michael Lane is appearing pro hac vice and has been licensed in
California since 2007.  See Decln. of Michael Lane, ECF No. 87-2 ¶ 30.  He has
been a Partner at Lewis Kohn & Walker, LLP's (LKW) San Diego office since
2009 and has over 16 years of intellectual property litigation, business litigation
and other civil litigation.  See id.  Mr. Lane has litigated trademark cases
throughout California, as well as in New York, Florida and Texas, and has handled
appeals before the United States Supreme Court, the Ninth Circuit Court, and the
Second Circuit Court.  See id.  Mr. Lane has been recognized by *Super Lawyers* as
a "Rising Star" in the area of intellectual property litigation, and as one of the "Top
Attorneys in Intellectual Property Litigation" by the *San Diego Daily Transcript*.
See id.  His requested rate is $395, which is markedly lower than the American
Intellectual Property Law Association's published average billing rate in the
"Other West" geographic region.  See Exhibit K attached to Motion, ECF No. 87-
14 at 6.  Based on this Court's knowledge of the prevailing rates in the community,
the Court finds that an hourly rate of $395 is reasonable for Mr. Lane.

Joshua Richman was admitted to the California bar in 2006 and is a Partner at LKW's Bay Area office.  See Decln. of Michael Lane, ECF No. 87-2 ¶ 33.  Mr. Richman has over 17 years of experience in trademark counseling, clearance, prosecution, and enforcement.  See id.  He is a member of the *International Trademark Association* and has been recognized as an "Outstanding Young Attorney" by the *World Trademark Review 1000* and as a "Top Attorney" by the *San Diego Daily Transcript*.  See id.  Although Plaintiff does not dispute Mr. Richman's rate of $580, see Opp., ECF No. 91 at 31, the Court finds this rate to be higher than the prevailing market rate in this district.  See Roberts, 938 F.3d at 1025; Camacho, 523 F.3d at 979.  Accounting for Mr. Richman's specific trademark experience, the Court reduces Mr. Richman's rate to a reasonable rate of $495.

Brett Weaver is a Partner at LKW's San Diego office and has been licensed to practice law in California since 1999.  See Decln. of Michael Lane, ECF No. 87-2 ¶ 35.  He has over 25 years of experience in civil litigation with a focus on business litigation.  See id.  He has litigated complex cases through verdict and handled appeals before the California Court of Appeals, the Washington State Supreme Court, and the Ninth Circuit Court.  See id.  Plaintiff does not dispute Mr. Weaver's rate of $495.  See Opp., ECF No. 91 at 31. Considering the prevailing market rate in this district and Mr. Weaver's extensive

15

litigation experience, the Court finds Mr. Weaver's hourly rate to be reasonable.

Zachary Tedford is an Associate at LKW's San Diego office and was licensed in California in 2017. See Decln. of Michael Lane, ECF No. 87-2 ¶ 37. He has over 6 years of civil litigation experience including general civil liability matters and business disputes. See id. Although Plaintiff does not dispute Mr. Tedford's rate of $350, see Opp., ECF No. 91 at 31; Supp. Opp. ECF No. 96 at 7, the Court finds this rate to be higher than the prevailing market rate in this district and reduces Mr. Tedford's rate to a reasonable rate of $300. See Roberts, 938 F.3d at 1025; Camacho, 523 F.3d at 979.

In sum, the Court finds the following rates for GoJump Defendants' attorneys and paralegal to be reasonable:

| Timekeeper | Rate |
|---|---|
| Gregory Kugle (DK) | $475 / $495* |
| Jonathan Marchuk (DK) | $225 / $250* |
| Bonnie B. Sin (DK, paralegal) | $210 |
| Michael Lane (LKW) | $395 |
| Joshua Richman (LKW) | $495 |
| Brett Weaver (LKW) | $495 |
| Zachary Tedford (LKW) | $300 |
| DK = Lewis Kohn & Walker, LLP  LKW = Damon Key Leong Kupchak Hastert  *rate increased on 3/1/2024 | |

16

## B. Hours Reasonably Expended

GoJump Defendants bear the burden of proving the fees requested are associated with the relief requested and reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993).  Time expended on work deemed excessive, redundant, or otherwise unnecessary will not be compensated.  See Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) (quoting Hensley, 461 U.S. at 433-434).  The Court will further strike or reduce block billed entries and incomplete entries that do not provide enough information to evaluate the legal services provided.  See Local Rule 54.2(f)(3).

Plaintiff objects to GoJump Defendants' time entries by noting the following codes next to each disputed time entry:

> Codes:
> B:     Block billing
> C:     Clerical or ministerial
> D:     Duplicative
> EU:    Excessive, Unrelated or Unnecessary
> EV:    Excessively vague in violation of LR 54.2(f)(3)

See Exs. 8 & 9 attached to Opp, ECF No. 91-9 and 91-10; Exs. 13 & 14 attached to Supp. Opp, ECF No. 96-6 and 96-7.  Aside from the short descriptions noted above, Plaintiff does not provide any argument in support of its objections.

17

### i.    Block Billing

Plaintiff challenges numerous time entries as block billing.  See Exs. 8
& 9 attached to Opp, ECF No. 91-9 and 91-10; Exs. 13 & 14 attached to Supp.
Opp, ECF No. 96-6 and 96-7.  "Block billing occurs when entries do not specify
the amount of time spent per task."  Bruser v. Bank of Hawaii as Tr., Hawaiian Tr.
Co., Ltd., No. CV 14-00387 LEK-WRP, 2020 WL 479261, at *8 (D. Haw. Jan. 29,
2020).  "District courts have the authority to reduce hours that are billed in block
format because such a billing style makes it difficult for courts to ascertain how
much time counsel expended on specified tasks."  Id. (citing Welch v. Metro. Life
Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007)); see Local Rule 54.2(f)(3) ("Block
billing is not permitted, and block billed entries may be partially or completely
excluded by the court.").

Upon review of Plaintiff's objections to time entries as impermissible
block billing, the Court finds that none of GoJump Defendants' time entries are
block billed as the time spent on each task is sufficiently documented.  Therefore,
the Court recommends that Plaintiff's objections to block billing be overruled.

### ii.    Clerical or Ministerial Tasks

Plaintiff also objects to certain time entries as "[c]lerical or
ministerial."  See Exs. 8 & 9 attached to Opp, ECF No. 91-9 and 91-10; Exs. 13 &
14 attached to Supp. Opp, ECF No. 96-6 and 96-7.  "Attorney time entries must be

reduced to the extent they reflect billing for clerical or ministerial work."  Liberty

Mut. Ins. Co. v. Sumo-Nan LLC, No. CV 14-00520 DKW-KSC, 2017 WL

810277, at *12 (D. Haw. Mar. 1, 2017).  "Clerical or ministerial costs are part of

an attorney's overhead and are reflected in the charged hourly rate."  Id. (internal

brackets and citations omitted).

> The following is a list of tasks previously deemed clerical
> or ministerial in this district and therefore deemed non-
> compensable:  reviewing Court-generated notices;
> scheduling dates and deadlines; calendering dates and
> deadlines; notifying a client of dates and deadlines;
> preparing documents for filing with the Court; filing
> documents with the Court; informing a client that a
> document has been filed; personally delivering
> documents; bates stamping and other labeling of
> documents; maintaining and pulling files; copying,
> printing, and scanning documents; receiving,
> downloading, and emailing documents; and
> communicating with Court staff.

Id. (citations omitted); see also Booth v. Wong, No. CIV. 10-00680 DKW, 2015

WL 4663994, at *6 (D. Haw. July 17, 2015) ("Communications with the court and

reviewing notices regarding hearings and deadlines are clerical and not

compensable.  Additionally, communicating with court staff is likewise deemed

clerical in nature and is not compensable.") (citations omitted).

The Court has carefully reviewed counsel's time entries and finds that

the following deductions are appropriate for clerical tasks:  4.2 hours of Michael

Lane's time[4], 0.6 hours of Zachary Tedford's time[5], 8.7 hours of Jonathan

Marchuk's time[6], 0.4 hours of Gregory Kugle's time[7], and 0.1 hours of Bonnie

Sin's time[8].

### iii.    Duplicative Time Entries

"The Court does not permit more than one attorney to bill for

attending:  (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting

with opposing counsel."  Liberty Mut. Ins. Co., 2017 WL 810277, at *12 (citing

Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1039 (D. Haw. 2011)).  "The

duplicative entries for client and co-counsel meetings, settlement conferences, and

strategy meetings between co-counsel are not the types of events for which

---

[4] Michael Lane's clerical time entries were on 7/20/2023 (0.1 hours), 7/31/2023 (0.1 hours), 8/21/2023 (0.1 hours), 8/23/2023 (0.9 hours), 8/29/2023 (0.1 hours), 9/7/2023 (0.1 hours), 9/20/2023 (0.1 hours), 9/26/2023 (1.2 hours), 9/27/2023 (0.4 hours), 10/2/2023 (0.5 hours), 1/9/2024 (0.1 hours), 3/15/2024 (0.2 hours), and 3/22/2024 (0.3 hours).

[5] Zachary Tedford's clerical time entries were on 8/1/2023 (0.1 hours) and 3/8/2024 (0.5 hours).

[6] Jonathan Marchuk's clerical time entries were on 8/1/2023 (0.6 hours), 9/8/2023 (1.6 hours), 9/18/2023 (0.9 hours), 9/26/2023 (0.4 hours, partial reduction), 9/27/2023 (0.2 hours, partial reduction), 9/28/2023 (1.1 hours), 11/30/2024 (0.4 hours, partial reduction), 2/13/2023 (1.1 hours), and 5/2/2024 (2.4 hours).

[7] Gregory Kugle's clerical time entries were on 10/2/2023 (0.2 hours, partial reduction) and 10/11/2023 (0.2 hours).

[8] Bonnie Sin's clerical time entry was on 11/27/2023 (0.1 hours).

duplicative billing is permitted." Id. (citing Robinson v. Plourde, 717 F. Supp. 2d

1092, 1099 (D. Haw. 2010)). "In such a situation, the Court typically deducts the

time spent by the lowest-billing attorney." Id. (quoting Seven Signatures Gen.

P'ship v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1055 (D. Haw. 2012)).

The Court has carefully reviewed GoJump Defendants' time entries and finds that

the following deductions are appropriate for duplicative time entries: 3.1 hours of

Michael Lane's time[9], 1.1 hours of Zachary Tedford's time[10], 1.8 hours of

Jonathan Marchuk's time[11], and 0.2 hours of Bonnie Sin's time[12].

### iv.    Excessive, Unrelated or Unnecessary Time Entries

Plaintiff marks several time entries as "Excessive, Unrelated or

Unnecessary." See Exs. 8 & 9 attached to Opp, ECF No. 91-9 and 91-10; Exs. 13

& 14 attached to Supp. Opp, ECF No. 96-6 and 96-7. "Counsel must exercise

proper billing judgment and exclude hours that are 'excessive, redundant, or

---

[9] Michael Lane's duplicative time entries were on 7/19/2023 (0.9 hours), 7/20/2023 (1.1 hours), 8/22/2023 (0.4 hours), 10/25/2023 (0.2 hours, partial reduction), and 12/12/2023 (0.5 hours).

[10] Zachary Tedford's duplicative time entries were on 7/25/2023 (0.3 hours), 12/12/2023 (0.5 hours), and 1/9/2024 (0.3 hours).

[11] Jonathan Marchuk's duplicative time entries were on 8/18/2023 (0.4 hours), 8/22/2023 (0.6 hours), 11/22/2023 (0.1 hours), and 12/12/2023 (0.7 hours).

[12] Bonnie Sin's duplicative time entries were on 8/8/2023 (0.1 hour) and 8/9/2023 (0.1 hour).

otherwise unnecessary.'"  Hanover Ins. Co. v. Anova Food, LLC, No. CV 14-

00281 HG-RLP, 2017 WL 2524825, at *4 (D. Haw. June 9, 2017) (quoting

Hensley, 461 U.S. at 434).  Additionally, "hours expended on unrelated,

unsuccessful claims should not be included in an award of fees."  Milton H.

Greene Archives, Inc. v. CMG Worldwide, Inc., No. CV0502200MMMMCX,

2009 WL 10669361, at *11 (C.D. Cal. Mar. 25, 2009) (quoting Webb v. Sloan,

330 F.3d 1158, 1168 (9th Cir. 2003)) (internal brackets omitted).  Courts have the

"discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to

have been spent on the case."  Au v. Republic State Mortg. Co., No. CIV. 11-

00251 JMS, 2014 WL 770291, at *7 (D. Haw. Feb. 25, 2014) (citation omitted).

The Court has carefully reviewed GoJump Defendants' time entries

and finds that 0.3 hours of Jonathan Marchuk's time[13] was excessive or

unnecessary.

## v.    Inadequate Time Descriptions

Plaintiff contends that some time entries are "[e]xcessively vague in

violation of LR 54.2(f)(3)."  See Exs. 8 & 9 attached to Opp, ECF No. 91-9 and

91-10; Exs. 13 & 14 attached to Supp. Opp, ECF No. 96-6 and 96-7.  Per Local

---

[13] Jonathan Marchuk's excessive or unnecessary time entries were on 3/19/2024
(0.3 hours).

Rule 54.2(f)(3): "The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." "If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly." Local Rule 54.2(f)(3). Local Rule 54.2(f)(3) provides guidance as to the level of detail a time entry should contain:

> For example, time entries for telephone conferences must include an identification of all participants and the reason for the call; entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary; entries describing the preparation of pleadings and other documents must include an identification of the pleading or other document prepared and the activities associated with such preparation.

Local Rule 54.2(f)(3). "However, attorneys are 'not required to record in great detail how each minute of their time was expended." United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Emps. of ASARCO, Inc., 512 F.3d 555, 565 (9th Cir. 2008) (quoting Hensley, 461 U.S. at 437 n.12) (internal brackets omitted). Attorneys "need only 'keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed.'" Id. (quoting Hensley, 461 U.S. at 441).

The Court has carefully reviewed counsel's time entries and finds that a deduction of 0.2 hours of Gregory Kugle's time[14] is appropriate as an inadequate time entry.

### C. Total Award of Reasonable Attorneys' Fees

Based on the Court's analysis above, and as set forth in the table below, the Court FINDS that the lodestar amount results in a reasonable attorneys' fee of **$157,508.31**.

| Timekeeper | Rate | Hours | Total Award |
|---|---|---|---|
| Gregory Kugle (DK) (before 3/1/2024) | $475 | 35.3 | $16,768 |
| (after 3/1/2024) | $495 | 6.8 | $3,366 |
| Jonathan Marchuk (DK) (before 3/1/2024) | $225 | 43.2 | $9,720 |
| (after 3/1/2024) | $250 | 13.9 | $3,475 |
| Bonnie B. Sin (DK, paralegal) | $210 | 0.1 | $21 |
| Michael Lane (LKW) | $395 | 255.7 | $101,002 |
| Joshua Richman (LKW) | $495 | 6.2 | $3,069 |
| Brett Weaver (LKW) | $495 | 1.9 | $941 |
| Zachary Tedford (LKW) | $300 | 40.2 | $12,060 |
| Sub-Total | | 403.3 | $150,421 |
| General Excise Tax (4.712%) | | | $7,087.81 |
| Reasonable Attorneys' Fees | | | $157,508.31 |

---

[14] Gregory Kugle's inadequate time entry was on 10/2/2023 (0.2 hours).

## III.    Costs

The Court is authorized to award non-taxable costs to GoJump Defendants.  See Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 580 (9th Cir. 2010) ("we repeatedly have allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties"); 3M Co., Inc. v. Solaryna Energy, No. EDCV211648JGBSHKX, 2022 WL 2903160, at *11 (C.D. Cal. June 3, 2022) ("the Lanham Act authorizes a court, 'subject to the principles of equity' to award a prevailing plaintiff 'the costs of the action'"); Wyatt Tech. Corp. v. Malvern Instruments, Inc., No. CV 07-8298 ABC (RZX), 2010 WL 11404472, at *2 (C.D. Cal. June 17, 2010) ("The Lanham Act provides for 'reasonable attorney's fees' . . . and, under the holding in Grove, those provisions would include recovery of nontaxable expenses if those expenses would normally be charged to the client.").

GoJump Defendants seek to recover $3,031.41 in non-taxable costs for mediator fees.  See Motion, ECF No. 87-1 at 28; Ex. I attached to Motion, ECF No. 87-12.  Plaintiff does not dispute recovery of these costs and the Court finds them to be reasonable.  See, e.g., Monster Energy Co. v. Vital Pharms., Inc., No. EDCV181882JGBSHKX, 2023 WL 8168854, at *24 (C.D. Cal. Oct. 6, 2023) (awarding mediator fees under the Lanham Act); Wyatt Tech. Corp., 2010 WL 11404472, at *3 (awarding mediator fees under the Lanham Act).  The Court

25

therefore recommends that GoJump Defendants be awarded $3,031.41 for these costs.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that GoJump Defendants' Motion for an Award of Attorneys' Fees and Non-Taxable Costs (ECF No. 87) be GRANTED IN PART.  The Court recommends that GoJump Defendants be awarded its reasonable attorneys' fees in the amount of **$157,508.31** and costs in the amount of **$3,031.41**.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 30, 2024.



Wes Reber Porter
United States Magistrate Judge

Skydiving School, Inc. v. GoJump America, LLC, et al.; Civ. No. 23-00292 DKW-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS GOJUMP AMERICA, LLC, GOJUMP HAWAII LLC, AND MICHAEL VETTER'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS.

26