IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SKYDIVING SCHOOL, INC., | Case No. 23-cv-00292-DKW-WRP |
| Plaintiff, | |
| v. | **ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO AND (2) ADOPTING THE FINDINGS & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| GOJUMP AMERICA, LLC, GOJUMP HAWAII LLC, and MICHAEL VETTER, *et al.*, | |
| Defendant. | |

After entry of an Order granting in part the Go Jump Defendants'[2] motion to dismiss and dismissing Plaintiff Skydiving School, Inc.'s (SSI) claims under federal trademark law ("the Dismissal Order"), the GoJump Defendants moved for attorney's fees under 15 U.S.C. Section 1117(a) as the prevailing party ("fees motion"). On September 30, 2024, the assigned U.S. Magistrate Judge entered the instant Findings and Recommendation (F&R) to grant in part the fees motion to the extent of awarding the GoJump Defendants $157,508.31 in fees and $3,031.41 in costs.

---

[1]Pursuant to Local Rule 7.1(c) & (d), the Court elects to decide this matter without a hearing.
[2]The GoJump Defendants are GoJump America, LLC (GJA), GoJump Hawaii LLC (GJH), and Michael Vetter.

Pending before the Court are SSI's objections to the F&R.   Dkt. No. 98.   In various ways, SSI objects to one principal finding in the F&R: that this case was "exceptional" under Section 1117(a) and governing case law, a prerequisite to awarding Section 1117(a) fees.   Upon review of the objections, the record, including the F&R, and pertinent case law, the Court disagrees with each of SSI's objections for at least one primary reason.   From the outset of this litigation, SSI has sought to prevent the GoJump Defendants from using the words "Skydive" and "Hawaii" together or in conjunction with any number of other words, even though the service the GoJump Defendants provide is skydiving in Hawai'i.   As the Court explained in the Dismissal Order, such a position was untenable under the alleged facts of this case.   This was particularly so where, as here, SSI's legal arguments were premised upon long overruled case law and largely conclusory and incomplete assertions regarding the "classic fair use" doctrine.   In this light, and for the reasons discussed more fully herein, the Court finds that this case "stands out" as exceptional for the lack of strength in SSI's legal position and, thus, the GoJump Defendants are entitled to the fees and costs awarded in the F&R.   SSI's objections to the contrary are OVERRULED.

## RELEVANT BACKGROUND[3]

On July 13, 2023, SSI filed a Complaint against, among others, the GoJump

Defendants,[4] asserting the following four claims: (1) trademark infringement under

the Lanham Act, 15 U.S.C § 1051 *et seq.* (Count One); (2) unfair competition, in

violation of 15 U.S.C. § 1125 (Count Two); (3) breach of a settlement agreement

(Count Three); and (4) intentional interference with contractual relations (Count

Four).   Dkt. No. 1.

Thereafter, SSI moved for a preliminary injunction against the GoJump

Defendants, Dkt. No. 17, while the GoJump Defendants moved to dismiss all

counts of the Complaint, Dkt. No. 42.   Succinctly, in the motion for a preliminary

injunction, SSI sought to protect its trademark in the phrase "Skydive Hawaii" and

prevent the GoJump Defendants from using the same or "GoJump Hawaii" alone

or together with "Hawaii Skydive," "Skydive in Hawaii," "Skydiving in Hawaii,"

"Skydive over Hawaii," "Skydiving over Hawaii," and "Skydiving Hawaii" "in

any capacity…."   By contrast, in the motion to dismiss, the GoJump Defendants

---

[3]The Court assumes the parties' familiarity with the procedural and factual background of this
case, which is more fully set forth in the Dismissal Order, and, thus, only sets forth herein the
background necessary for an understanding of the instant issues.
[4]The other defendants were Sky-Med, Inc. dba Pacific Skydiving (Sky-Med) and Guy Banal
(Banal, and, with Sky-Med, the Sky-Med Defendants).   SSI and the Sky-Med Defendants
stipulated to the dismissal with prejudice of the claims against the Sky-Med Defendants on
February 15, 2024.   Dkt. No. 76.

argued, *inter alia*, that their alleged uses of the words "Skydive" and "Hawaii" constituted "classic fair use" and, thus, did not violate federal trademark law.

On November 22, 2023, approximately a year ago, the Court granted in part the motion to dismiss and denied as moot the motion for preliminary injunction. Dkt. No. 60.   In doing so, *inter alia*, the Court agreed with the GoJump Defendants that their alleged uses of "Skydive" and "Hawaii" constituted "classic fair use."   Specifically, the Court found that the GoJump Defendants did not use the words in their "trademark" sense, *i.e.*, to indicate the source of services. Instead, the words were used to describe and/or explain the GoJump Defendants' services, and there were no allegations that the GoJump Defendants had not exercised good faith in using the words.[5]

On January 10, 2024, the GoJump Defendants filed a motion for attorney's fees, arguing, *inter alia*, that it was the "prevailing party" in this action, and this case was "exceptional" for purposes of Section 1117(a).   Dkt. No. 69.   After further briefing, including the filing of a "superseding" motion for attorney's fees, the GoJump Defendants requested approximately $160,000 in attorney's fees and

---

[5]As for Claims Three and Four, both of which appeared to arise under State law, the Court directed supplemental briefing as to whether the claims were moot or whether subject matter jurisdiction should be retained in light of the dismissal of SSI's federal trademark claims.   After receipt of said briefing, the Court declined to exercise supplemental jurisdiction and dismissed without prejudice Claims Three and Four.   Dkt. No. 77.

$3,000 in non-taxable costs.   *See* Dkt. Nos. 87, 94, 95.   SSI opposed the fees

motion, Dkt. No. 70, 91, 96, arguing, *inter alia*, that this case is not "exceptional"

for purposes of Section 1117(a) and, even if exceptional, the GoJump Defendants

were entitled to at most approximately $33,000 in attorney's fees because the

remainder constituted duplicative, unnecessary, or vague billing entries.[6]

On September 30, 2024, the assigned Magistrate Judge entered the F&R,

granting in part the fees motion.   Dkt. No. 97.   Among other things, the

Magistrate Judge found that (1) the GoJump Defendants were the prevailing parties

on Counts One and Two, (2) this case was "exceptional" for purposes of Section

1117(a), and (3) after careful consideration, the reasonable attorney's fees amount

was $157,508.31 and the reasonable non-taxable costs amount was $3,031.41.

On October 15, 2024, SSI filed the only objections to the F&R, Dkt. No. 98,

all of which are directed solely to the Magistrate Judge's finding that this case was

"exceptional" for purposes of Section 1117(a).   Specifically, SSI argues that: (1)

the Magistrate Judge failed to apply case law from the Ninth Circuit declining to

find cases exceptional under Section 1117(a); (2) the Magistrate Judge ignored

---

[6]References to the "fees motion" herein includes arguments and requests made in the initial
motion and the GoJump Defendants' subsequent briefing.   Similarly, references to SSI's
opposition to the fees motion includes each of the oppositions filed, whether to the initial motion
or supplemental briefs in support thereof.

facts requiring this case to be found not exceptional under Section 1117(a); (3) the

Magistrate Judge erred in relying upon *Vida Enter. Corp. v. Angelina Swan*

*Collection, Inc.*, 2023 WL 9004960 (C.D. Cal. July 14, 2023); and (4) additional

reasons exist for why this case is not exceptional under Section 1117(a).   On

October 29, 2024, the GoJump Defendants filed a response to SSI's objections.

Dkt. No. 99.

    With briefing complete, this Order now follows.

## STANDARD OF REVIEW

    Pursuant to 28 U.S.C. Section 636(b)(1)(B), a district court may refer a

matter to a Magistrate Judge for findings and recommendations.   The court must

then "make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."   28 U.S.C.

§ 636(b)(1)(B).

## DISCUSSION

    As an initial matter, to better provide the context of the analysis herein, the

Court explains that to which objection has and has not been made.   As mentioned

above, SSI filed the only objections to the F&R.   In other words, the GoJump

Defendants have not objected to the Magistrate Judge's findings in any respect,

including to the reasonable amount of attorney's fees and costs.   As also

6

mentioned above, SSI's objections to the F&R concern only one finding therein: that this case is "exceptional" for purposes of Section 1117(a).   In other words, SSI has not objected to the findings concerning (1) the GoJump Defendants being the prevailing parties or (2) the reasonable amount of attorney's fees and costs.   In that light, the analysis below focuses upon the finding that this case is "exceptional" for purposes of Section 1117(a).   As for the unobjected-to findings, they are not entitled to de novo review.   *See* 28 U.S.C. § 636(b)(1)(B).   Further, upon review, the Court finds no error in the Magistrate Judge's findings (1) that the GoJump Defendants were the prevailing parties in this case and (2) concerning the reasonable amount of attorney's fees and costs.   Therefore, the Court does not disturb those findings herein.

This leaves whether the instant case is "exceptional" for purposes of Section 1117(a).   The Court begins with the legal framework for such an analysis, which, at least in the general sense, neither party appears to dispute.   Specifically, as the Magistrate Judge observed:

> Whether a case is 'exceptional' is left to the discretion of the district court 'considering the totality of the circumstances.'   *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) ('There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified.'); *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1180-81 (9th Cir. 2016) (en banc).   An 'exceptional' case is 'simply one that stands out from

7

others with respect to the substantive strength of a party's litigating
position (considering both the governing law and the facts of the case)
or the unreasonable manner in which the case was litigated.' *Octane
Fitness*, 572 U.S. at 554. Courts also consider 'frivolousness,
motivation, objective unreasonableness (both in the factual and legal
components of the case) and the need in particular circumstances to
advance considerations of compensation and deterrence.' *SunEarth*,
839 F.3d at 1181. The applicable burden of proof for fee entitlement
is the preponderance of the evidence standard. *See id*.

Dkt. No. 97 at 6-7 (certain quotation marks and parentheticals omitted).

Here, for the reasons set forth below, SSI's litigating position stands out for
its objective unreasonableness. As explained in the Dismissal Order, SSI and the
GoJump Defendants provide the same essential service of skydiving from an
airfield in Waialua, Hawai'i. Therefore, the obvious thing, for either party, would
be to inform potential customers that they provide skydiving in Hawai'i. This is
something the Go Jump Defendants did, with messages such as: "Enjoy
Oceanview Skydiving in Hawaii", "Skydiving Over Hawaii is Easy and Fun With
Your Highly Experienced Tandem Instructor Attached to You Every Step of the
Way, and "Skydive Hawaii with GoJump." According to SSI, each of these
messages, and many more, were improper because SSI holds a trademark in the
phrase "Skydive Hawaii." To this day, however, SSI has failed to provide a
reasonable explanation as to why, at least when considered in the context of the
"classic fair use" defense.

In its response to the motion to dismiss, SSI relied upon case law holding that the classic fair use defense is not available when a likelihood of customer confusion exists over the origin of a product.   Dkt. No. 47 at 17.   As explained in the Dismissal Order, the small problem with this argument was that it was an incorrect statement of the law—something which SSI should have been more than aware given that it also cited the case that clarified the law.   *See* Dkt. No. 60 at 22 & n.16.   Put another way, it is not hard to conclude that relying on out-of-date case law puts one on a sure path to an unreasonable legal argument.

As for the three elements of a "classic fair use" defense, the best SSI could muster in its response to the motion to dismiss was the conclusory assertion that "GoJump has failed to prove these three elements."   Dkt. No. 47 at 19.   In its motion for preliminary injunction, SSI provided a modicum of additional thought on the subject.   Specifically, SSI, relying upon the message "Enjoy Oceanview Skydiving in Hawaii", argued that it was being used as a mark and not descriptively.   Dkt. No. 17 at 26-27.   As explained in the Dismissal Order, however, nothing could be less true in the context of the messages used on the GoJump Defendants' webpages.   Dkt. No. 60 at 16-21.   In particular, the terms "skydiving", "skydive", and "Hawaii" were not being used as marks because they were not used to identify the source of the GoJump Defendants' services—a role

9

that was instead played by "gojump" or "GoJump Hawaii."[7]    Those same terms

were also clearly used descriptively.    In other words, to describe what potential

customers would be doing with the GoJump Defendants: "enjoy[ing] oceanview

skydiving in Hawaii."    Finally, in its reply, for the first time, SSI argued that the

GoJump Defendants lacked good faith because they could have used GoJump

Waialua instead of GoJump Hawaii.    Dkt. No. 52 at 7.    Putting aside the lateness

of this argument and the failure to explain how changing Hawaiʻi to Waialua

would have satisfied SSI's broad interpretation of its trademark, as explained in the

Dismissal Order, there was no allegation in the Complaint that the GoJump

Defendants used Hawaiʻi instead of Waialua to allegedly capitalize on SSI's

goodwill.    Dkt. No. 60 at 21-22.

In this light, SSI's legal position on the "classic fair use" defense was

objectively unreasonable and stood out both in terms of its failure to acknowledge

changes in the law and its conclusory and/or unsupported arguments.    In its

objections to the F&R, SSI contends otherwise.    The Court disagrees with SSI in

each respect.

---

[7]For some still unexplained reason, SSI appeared to believe that they could also monopolize the words in the GoJump Defendants' business name, *i.e.*, "gojump" or "GoJump Hawaii", purely because SSI held a trademark in "Skydive Hawaii."

First, SSI argues that the Magistrate Judge failed to apply Ninth Circuit case law declining to find "exceptional" cases brought to "police" federally registered trademarks.   Dkt. No. 98 at 2-7.   As an initial matter, the cases SSI references were, in fact, addressed, albeit briefly, in the F&R.   *See* Dkt. No. 97 at 11 n.3 (observing that the cases were "distinguishable" because they did not find, *inter alia*, "objective unreasonableness").   In any event, as explained below, the Court does not find any of the cited cases persuasive in the context of this one.

In *McZeal v. Amazon.com Services LLC*, 2022 WL 19521359 (C.D. Cal. Aug. 16, 2022), the court denied a motion for attorney's fees, in part, because the losing plaintiff was proceeding pro se, entitling his pleadings to liberal construction—something which is inapplicable here.   *Id*. at *1-2.   Further, in *McZeal*, the plaintiff held a trademark in the term "smart walkie talkie," while the defendants used the same in marketing a "smart walkie talkie" product.   *Id*. at *1. That is not even in the same zip code of relevancy compared to both the trademark at issue here and the words SSI sought to prevent the GoJump Defendants from using.

In *Delta Forensic Eng'g, Inc. v. Delta V Biomechanics, Inc.*, 2021 WL 243323 (C.D. Cal. Jan. 22, 2021), the court denied a motion for attorney's fees, finding the plaintiff raised arguments that were "sufficiently debatable" on the

issue of consumer confusion and that were not resolved until summary judgment. *Id*. at 4-5.   Similarly, in *Sarieddine v. Alien Visions E-Juice, Inc.*, 2019 WL 4316245 (C.D. Cal. June 14, 2019), a motion for attorney's fees was denied after the defendant established at summary judgment the "prior use" of its trademark. *Id*. at *1-2.   Those are not close to the situation here, which did not progress past an initial motion to dismiss and did not require an analysis of consumer confusion, prior use, or any other issue beyond classic fair use.

In *Applied Underwriters, Inc. v. Lichtenegger*, 2020 WL 5107627 (E.D. Cal. Aug. 31, 2020), the court denied a motion for attorney's fees, finding that it was "debatable" whether the plaintiff was justified in bringing its claims, as it held a valid trademark and reasonably believed its trademarks had been infringed.   *Id*. at *4; *see also VersaTop Support Sys., LLC v. Georgia Expo, Inc.*, 2017 WL 8895625 (Nov. 21, 2017) (similarly stating that the court could not conclude there was no reasonable basis for the plaintiff believing its claims were worthwhile).[8]   This Court disagrees that the same can be said for SSI.   As discussed herein and in the Dismissal Order, in the context of the facts alleged here, there was no reasonable

---

[8]Although the analysis is less detailed, the reasoning appears similar in another case SSI cites. *See Park Law Firm v. Park Law Offices, P.C.*, 2020 WL 3213797, at *6 (C.D. Cal. Mar. 23, 2020).

basis for SSI to believe that the GoJump Defendants' uses of the terms "skydive",

"skydiving", "gojump", and "Hawaii" were anything other than "classic fair use."

Reserve Media, Inc. v. Efficient Frontiers, Inc., 2017 WL 2562098 (C.D.

Cal. June 12, 2017), involved, inter alia, three motions for summary judgment, 18

depositions, and "sizable" document production requests. Id. at *1. After the

conclusion of these proceedings, the court cancelled ten registered trademarks after

finding that they were descriptive and lacked secondary meaning. Id. Perhaps

unsurprisingly, thereafter, the court denied a motion for attorney's fees, finding

that the plaintiff's lack of success alone did not mean its litigation position was

unreasonable and it had legitimate reasons for bringing the lawsuit. Id. at *3.[9]

Again, as discussed repeatedly, that is not the situation here. Beyond the

procedural differences, this Court still cannot pin a reason for this lawsuit other

than SSI seeking to monopolize the words "skydiving", "skydive", and "Hawaii"

in describing the activity of jumping out of a plane with a parachute in Hawaii—

something which this Court does not find to be "legitimate."

---

[9]A similar finding was made in another case to which SSI cites. See Caiz v. Roberts, 2017 WL
830386, at *1, 3 (C.D. Cal. Mar. 2, 2017). In Caiz, the court denied a motion for attorney's
fees, finding that the plaintiff held a valid trademark and advanced good faith arguments in
support of his positions. Id. at *4-5. Here, as discussed, this Court disagrees that SSI has
advanced good faith arguments in opposing the GoJump Defendants' reliance on the classic fair
use defense. Further, to the extent SSI cites Caiz for the proposition that holding a valid
trademark alone can defeat a motion for attorney's fees, for the obvious reason set forth in the
GoJump Defendants' response, Dkt. No. 99 at 8-9, this Court disagrees.

SSI's second and third objections to the F&R are that the Magistrate Judge, respectively, "recognized" and "failed to recognize" facts showing that this case is not exceptional. Dkt. No. 98 at 7-11. More specifically, the alleged facts include (1) SSI holding six trademarks, including for "Skydive Hawaii", (2) SSI alleging instances of consumer confusion, (3) SSI bringing this action on a "reasonable basis" to "police" its trademarks, (4) SSI operating a skydiving business since 2005, (5) the GoJump Defendants beginning their skydiving business approximately 18 years later, (6) SSI "continuously" using its "Skydive Hawaii" trademarks in commerce, (7) a survey expert determining that 15.6% of consumers were confused by the GoJump Defendants alleged infringing uses and 86.1% of "qualified respondents" identifying "Skydive Hawaii" as a brand name, and (8) SSI sending the GoJump Defendants a cease and desist letter.

SSI's reliance on these purported "facts" reflects its failure to comprehend the GoJump Defendants' "classic fair use" defense and the Court's findings with respect thereto.[10] Notably, none of the "facts" are relevant to the Court's finding

---

[10]In addition, some of the "facts" are not, in fact, "facts." For example, SSI's characterization of its motive for this lawsuit—"polic[ing]" its trademarks—is not a fact. It is also not supported by the findings in the Dismissal Order. In addition, simply because SSI believes that it was "polic[ing]" its trademarks does not mean it was pursuing an objectively reasonable litigation position, which is the relevant issue here, when confronted with the GoJump Defendants' classic fair use defense. Also, SSI states as "fact" that, in marketing, the GoJump Defendants used the "Skydive Hawaii" registered marks. Dkt. No. 98 at 9-10. That contradicts, however, the

that the classic fair use defense applied to the alleged facts of this case.   Thus,

while SSI continues to rely on such things as consumer-confusion surveys and the

length of its business, it still has provided no explanation, other than citing to

outdated case law, as to why any of this matters in the context of fair use.

Fourth, SSI argues that the Magistrate Judge erred in relying upon *Vida*

*Enter. Corp. v. Angelina Swan Collection, Inc.*, 2023 WL 9004960 (C.D. Cal. July

14, 2023), in the F&R.   Dkt. No. 98 at 11-12.   SSI asserts that, in *Vida*, the court

found that the case qualified as exceptional because there was "no appreciable

chance" or actual evidence of consumer confusion.   According to SSI, as a result,

the Magistrate Judge should not have relied on *Vida* because it is "inapposite" to

this case.   SSI, however, misconstrues the Magistrate Judge's citation to *Vida*.

The Magistrate Judge did <u>not</u> cite *Vida* to compare the lack of consumer confusion

in that case with the alleged confusion in this one.   Rather, the Magistrate Judge

cited *Vida* for the general proposition that meritless and weak legal arguments can

justify the award of attorney's fees under Section 1117(a).   In *Vida*, the weak

arguments concerned consumer confusion.   Here, the weak arguments concerned

---

Dismissal Order's express finding that the GoJump Defendants alleged infringing terms were not
used as a mark.   *See* Dkt. No. 60 at 16-18.

SSI's opposition to the classic fair use defense.    Thus, while the *arguments* may

be different, the issue of *weakness* is not.

Finally, SSI argues that there are "additional" reasons why this case is not

exceptional, including (1) SSI not engaging in "unreasonable" litigation conduct,

(2) SSI not violating an injunction order, (3) this Court purportedly not finding the

case to be "objectively unreasonable", (4) the purported "straight forward" nature

of the case, and (5) two of SSI's claims not being dismissed on the merits.    Dkt.

No. 98 at 13-15.    SSI's arguments are misplaced.    The majority of the foregoing

matters, such as the various ways in which SSI asserts it has not engaged in

"unreasonable" litigation conduct, are irrelevant to whether SSI advanced an

objectively unreasonable legal position.    *See Octane Fitness*, 572 U.S. at 574

(explaining that an "exceptional case" is one that "stands out" with respect to a

party's litigating position *or* the unreasonable manner in which it was litigated).

As discussed herein, the Court finds that SSI advanced an objectively unreasonable

legal position with respect to the classic fair use defense, irrespective of whether it

complied with deadlines or orders or engaged in unsavory litigation practices.

Similarly unmoving is the fact that two of SSI's claims were dismissed because the

Court declined to exercise supplemental jurisdiction over the same.    That too is

irrelevant to whether SSI advanced an objectively unreasonable litigation position

with respect to the claims providing the federal lynchpin for this lawsuit.

## **CONCLUSION**

For the reasons set forth herein, SSI's objections to the F&R, Dkt. No. 98,

are OVERRULED and the F&R, Dkt. No. 97, is ADOPTED to the extent set forth

herein.   As a result, the GoJump Defendants are awarded $157,508.31 in

attorney's fees and $3,031.41 in non-taxable costs.

IT IS SO ORDERED.

Dated: November 26, 2024 at Honolulu, Hawaiʻi.


Derrick K. Watson
Chief United States District Judge