IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SKYDIVING SCHOOL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GOJUMP AMERICA, LLC, GOJUMP HAWAII, LLC, and MICHAEL VETTER, et al.,<br><br>Defendants. | CIVIL NO. 23-00292 DKW-WRP<br><br>FINDINGS AND RECOMMENDATION TO AWARD DEFENDANTS GOJUMP AMERICA, LLC, GOJUMP HAWAII LLC, AND MICHAEL VETTER $80,580.00 PURSUANT TO THEIR MOTION FOR ATTORNEYS' FEES ON APPEAL |

FINDINGS AND RECOMMENDATION TO AWARD DEFENDANTS GOJUMP AMERICA, LLC, GOJUMP HAWAII LLC, AND MICHAEL VETTER $80,580.00 PURSUANT TO THEIR MOTION FOR ATTORNEYS' FEES ON APPEAL

Before the Court is Defendants GoJump America, LLC, GoJump Hawaii, LLC, and Michael Vetter's (collectively, Defendants) Motion for Attorneys' Fees (Motion), which was filed at the Ninth Circuit Court of Appeals. See Motion, No. 24-1822, Dkt. No. 41 (9th Cir. March 14, 2025). In this Motion, Defendants seek an award of their reasonable fees incurred in connection with the appeal and this Motion, as the prevailing party on appeal. See id. On April 18, 2025, noting that no response to the Motion had been filed, the Ninth Circuit granted the Motion and "transfer[red] this matter to the district court to calculate

and award the appropriate amount of attorneys' fees." See Order, No. 24-1822, Dkt. No. 42 (9th Cir. Apr. 18, 2025).

## DISCUSSION

In their Motion, Defendants seek an award of $80,887.50 "to compensate it for the reasonable fees it incurred in connection with this appeal and this Motion." See Motion, No. 24-1822, Dkt. No. 41 at 20.

An award of reasonable attorneys' fees is generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." Hensley, 461 U.S. at 433-34.

### A. Reasonable Hourly Rate

A reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. See Roberts v. City of Honolulu, 938 F.3d 1020, 1024-25 (9th Cir. 2019). The relevant community is the forum in which the district court sits. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)). The Court may also rely on its own knowledge and experience in determining a reasonable hourly

rate. See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (holding district court did not abuse its discretion by relying on its own knowledge and experience to determine reasonable hourly rate for attorney fees).

Michael T. Lane is a partner at the law firm, Lewis, Kohn & Walker, LLP (LKW), an intellectual property law firm. See Motion, No. 24-1822, Dkt. No. 41 at 25. He has been licensed to practice law in the State of California in 2007 and has been a partner at LKW since 2009. See id. He has over 17 years of experience in intellectual property litigation, business litigation, and other civil litigation. See id. He has handled trademark-related appeals before the United States Court of Appeals for the Ninth Circuit, Second Circuit, and the Supreme Court of the United States. See id. He served as lead counsel in this case and throughout the appeal. See id. Based on the evidence provided in support of Mr. Lane's rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS that Mr. Lane's rate of $395 per hour is reasonable.

Brett M. Weaver is also a partner at LKW. See id. at 27. He has been licensed to practice law since 1999 and has over 25 years of experience in civil litigation with a focus on business litigation. See id. He has litigated multiple complex cases in both state and federal court. See id. "Mr. Weaver [was] only called upon [in this case] to consult regarding GoJump's strategy on appeal." Id. Based on the evidence provided in support of Mr. Weaver's rate and the Court's

knowledge and experience of the prevailing rates in the community, the Court FINDS that Mr. Weaver's rate of $495 per hour is reasonable.

Zachary S. Tedford is an associate attorney at LKW and has been licensed to practice law since 2017. See id. at 28. He has over six years of experience in civil litigation including in general civil liability matters [and] business disputes." Id. In this case, Mr. Tedford "assist[ed] with preparation of GoJump's answering brief and supplemental excerpts of record." Id. Based on the evidence provided in support of Mr. Tedford's rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS that Mr. Tedford's rate of $300 per hour is reasonable.

Gregory W. Kugle is a director at the law firm, Damon Key Leong Kupchak Hastert (Damon Key). See id. at 31. He has been licensed to practice law since 1995 and has "extensive experience in the practice area of litigation and appeals involving commercial dispute litigation including litigation concerning intellectual property such as trademarks, tradenames, copyright, and patent litigation." Id. He "served as lead counsel in this case in the United States District Court of Hawai'i, and in connection with this appeal, [he] was primarily responsible for, among other things, strategizing with [LKW] regarding appellate strategy, reviewing and analyzing opening and reply briefs, reviewing and editing the GoJump Appellees' answering brief drafts, and performing other functions

generally expected of appellate counsel in a contested appeal." Id. at 32. Based on the evidence provided in support of Mr. Kugle's rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS that Mr. Kugle's rate of $495 per hour is reasonable.

Jonathan N. Marchuck was an associate attorney at Damon Key and has been licensed to practice law since 2022. See id. at 33. He has assisted in various civil litigation matters including land use, insurance, trust, and tort litigation. See id. In this case, he "was responsible for coordinating filings with [LKW], reviewing and revising briefs and other documents for compliance with appellate rules, conducting legal research, and performing other tasks expected of appellate counsel in a contested appeal." Id. Based on the evidence provided in support of Mr. Marchuk's rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS that Mr. Marchuk's rate of $250 per hour is reasonable.

Ross Uehara-Tilton is a director at Damon Key and has been licensed to practice law since 2017. See id. He has "extensive experience in the practice areas of commercial litigation, tort litigation, appeals, taxation, probate and trust litigation, and real estate." See id. at 33-34. Based on the evidence provided in support of Mr. Ross Uehara-Tilton's rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS his rate of

$375 to be higher than the prevailing market rate in this district and reduces Mr. Uehara-Tilton's rate to a reasonable rate of $300. See Roberts, 938 F.3d at 1025; Camacho, 523 F.3d at 979.

**B. Hours Reasonably Expended**

Defendants bear the burden of proving the fees requested are associated with the relief requested and reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" will not be compensated. See Gates v. Duekmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) (quoting Hensley, 461 U.S. at 433-34). The Court will further strike or reduce block billed entries, incomplete entries that do not provide enough information to evaluate the legal services provided, or other entries that do not comply with the Local Rule 54.2:

> (3) Description of Services Rendered. The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated. In describing such services, counsel should be sensitive to information protected by the attorney-client privilege or the attorney work product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question. If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly. For example, time entries for telephone conferences must include an identification of all participants and the reason for the call; entries for legal research must include an identification of the specific issue researched

> and, if possible, should identify the pleading or document for which the research was necessary; entries describing the preparation of pleadings and other documents must include an identification of the pleading or other document prepared and the activities associated with such preparation. Block billing is not permitted, and block billed entries may be partially or completely excluded by the court.

Local Rule 54.2(f)(3).

The Court reviewed Defendants' time entries and FINDS that all time entries comply with Local Rule 54.2, contain sufficient detail for the Court to evaluate the legal services provided, and are reasonable. Because the Court reduced Mr. Uehara-Tilton's hourly rate, however, the Court REDUCES his total amount of fees to **$1,230**.[1] Accordingly, the adjusted total award is **$80,580.00**.

Based on the Court's analysis above, the Court FINDS that Defendants have established that they are entitled to an award of reasonable attorneys' fees incurred on appeal in the amount of **$80,580.00**.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that Defendants GoJump America, LLC, GoJump Hawaii, LLC, and Michael Vetter be awarded their reasonable attorneys' fees incurred on appeal in the amount of

[1] The Court calculated this number by multiplying Mr. Uehara-Tilton's 4.1 total billed hours by the adjusted hourly rate of $300 per hour. See Motion, No. 24-1822, Dkt. No. 41 at 95.

**$80,580.00**.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 28, 2026.

Wes Reber Porter
United States Magistrate Judge